*J. F. Golightly* and *T. C. Battle,* for defendant.

_____

## MATTOX *v.* JONES *et al.*

1. Where, in pursuance of the act approved August 16, 1909 (Acts 1909, p. 154; Civil Code, § 1490 et seq.), a citizen of a county successfully stands the prescribed examination, and at the ensuing general election is duly elected county school superintendent, such election will authorize the issuance of a commission to him by the Governor.

(a) Additional qualifications for such an officer, prescribed by the act approved August 21, 1911 (Acts 1911, p. 94), are not applicable to a person so elected prior to the passage of the act.

2. Where a person has been elected to the position of county school superintendent, as indicated in the preceding note, and the Governor has duly issued a commission and forwarded the same to the ordinary to be delivered to the person so elected upon his giving bond and taking the oath as prescribed by law, and the bond, conformably to the statute (Civil Code § 1492), has been executed, and the amount of the bond and the sufficiency of the security has been approved by the board of education, it is the duty of the latter to approve the bond.

3. Where the board of education refused to formally approve a bond of the character above mentioned, and the application for the writ of mandamus to compel them to do so was not filed until ten months after the beginning of the term for which the applicant was elected, the delay in filing the application will not justify the refusal of the writ, where it appears that there was no one in office discharging the duties of the same, and the applicant was seeking to get his bond approved, but the board of education so arbitrarily persisted in their refusal to approve it.

4. It was erroneous to dismiss the petition on demurrer.

APRIL 27, 1914.

Petition for mandamus. Before Judge Sheppard. Liberty superior court. May 20, 1913.

On March 27, 1913, J. H. Mattox applied for the writ of mandamus to compel the board of education of Liberty county to approve his official bond as county superintendent of schools of that county. The petition alleged the following, in substance: In the spring of 1910 petitioner was examined as to his qualifications to fill the office of county superintendent of education, and made the grade required by law. On the first Wednesday in October, 1910, at the election for State and county officers, he was regularly

elected county superintendent of education for Liberty county for the term of four years beginning May- 7, 1912, and was duly declared elected to that office by the proper authorities. In December, 1910, the Governor of Georgia sent to the ordinary of Liberty county the commission of plaintiff to this office, and an oath to be subscribed by him before the ordinary, with direction that the ordinary deliver the commission upon presentation of a proper bond approved by the board of education of that county. The ordinary has always been, and is now, ready to deliver the commission upon the filing of a bond approved by the board of education. It is a part of the official duties of the board of education to approve the bond of the county superintendent of education; and applicant has several times presented to the board of education, at a regular meeting, a proper and legal bond conditioned for the faithful performance of his duties as superintendent of education of Liberty county, which bond is in the sum of $15,000, and is signed by six citizens of that county, who are worth $100,000 above their debts and homestead exemptions. The county board informed applicant "that the amount of the bond and the securities on it are all right." His bond was executed on April 27, 1912, and presented to the board of education in time to fill the office to which he had been elected. A copy of it is attached to the petition. The board of education refused to accept and approve his bond, and he has been unable to obtain his commission and enter upon the discharge of the duties of his office. By the act of the General Assembly, passed in 1912, the term of office to which applicant was elected was extended to January 1, 1917, and applicant is now entitled to be in his office, and to hold the same until January 1, 1917. The board have declared the office vacant, and are advertising for applicants to appear before them at their next regular monthly meeting for the purpose of electing a county superintendent.

In response to the rule nisi issued upon the petition, the board of education filed a demurrer and an answer. The applicant filed a traverse of the answer. The demurrer was sustained, and the petition dismissed.

*H. H. Elders,* for plaintiff.      *W. B. Stubbs,* for defendants.

ATKINSON, J. (After stating the foregoing facts.)

1. By the act of 1909 (Civil Code, § 1490), at least ninety days before the day of election all candidates for the position of county

school superintendent shall be examined by the president of the county board of education or by some one appointed by him or the board for that purpose, upon written or printed questions furnished to the board by the State school commissioner. All applicants standing the examination who shall make 85 per cent. shall be declared eligible to hold the office of county school superintendent by the board of education. The commissioner must also be a citizen of the county for which he is elected. Civil Code, § 1491. At the time the applicant offered for election he had been declared by the county board qualified to hold the office of county school superintendent for Liberty county. At the next general election for members of the General Assembly, following his qualification, he was duly elected as prescribed by law. The Governor was authorized to issue to him a commission for the term of four years after the expiration of the incumbent's term of office, which was declared in the petition, and admitted on demurrer, to be on May 7, 1912. Additional qualifications prescribed in the act approved August 21, 1911 (Acts 1911, p. 94), are not applicable to one who was elected at a general election prior to the passage of the act. Therefore, according to the petition, the applicant was duly elected to the office of county superintendent of education of Liberty county.

2. The statute requires that the county school superintendent, elected pursuant to law, shall give bond with good security, payable to the county board of education, conditioned upon the faithful performance of his duties under the law; the amount and sufficiency of the security to be judged of by the county board of education. Civil Code, § 1492. This provision confers upon the county board of education a discretion in the approval of the amount of the bond and the sufficiency of the security. A mandamus will not issue to compel a discretionary act; but it is alleged in the petition (and the allegation must be taken as true on demurrer) that a bond was presented to the board of education, and they approved the amount of the bond and the sufficiency of the security. The discretion vested in the county board of education has been exercised in their declaration of approval of the bond as presented, so far as they had any discretion to act. The bond, in substance, conformed to the requirements of the statute, and should have been approved by the county board.

3. It is said that a mandamus was properly denied because of

the delay of the applicant in applying for the writ. The application was filed ten months after the beginning of the term for which the applicant was elected. It affirmatively appears that no one was in office discharging the duties of the same; the office was vacant, and the applicant was seeking to have his bond approved. The board of education during this interval had arbitrarily persisted in its refusal to approve a bond of a duly elected official of the county. Under these circumstances the applicant was not guilty of such laches as would bar him of the relief he seeks.

4. Under the rulings announced in the preceding divisions, it was erroneous to dismiss the petition on demurrer.

*Judgment reversed. All the Justices concur.*