## JONES *et al. v.* MATTOX.

1. Mandamus is a proper remedy to compel a county board of education to approve the bond of a duly elected county school commissioner who tenders to such board a bond conditioned upon the faithful performance of his duty under the law, the amount and sufficiency of the bond being proved.

2. Such board could not refuse to approve the bond because of alleged conduct of the county school commissioner before his election, involving his integrity and character and qualifications in respect to citizenship

for a certain period before his election. Nor could the board decline to approve the bond on the ground that the commission issued by the Governor to the county school commissioner was expressly from May 7, 1912, to May 7, 1916, when by a subsequent act of the legislature the term of office of the commissioner was extended to January 1, 1917. Such bond would bind the securities thereon for any time after the expiration of the four years until the principal's successor was elected and qualified.

3. None of the assignments of error upon exceptions pendente lite, or in the grounds of the motion for a new trial, show cause for a reversal.

APRIL 10, 1917.

Mandamus. Before Judge Sheppard. Liberty superior court. May 20, 1916.

*W. B. Stubbs, G. N. Alford,* and *T. A. Parker,* for plaintiffs in error.

HILL, J. This is the second appearance of this case in this court. *Mattox* v. *Jones,* 141 *Ga.* 649 (81 S. E. 861). J. H. Mattox, the defendant in error, made application for a writ of mandamus to compel the plaintiffs in error, who compose the board of education of Liberty county, to approve the official bond tendered by him as the duly elected county superintendent of public schools for that county, they having refused to approve the bond. On the trial the jury returned a verdict in favor of the plaintiff. A motion for a new trial was overruled, and the defendants excepted.

1. Formerly county school commissioners were selected by the members of the county board of education either from their own body or from the outside, they themselves being selected by the grand jury. This law was changed by the acts of 1887 and 1909, now embodied in the Civil Code, §§ 1489 et seq. By section 1490, before a candidate for county school commissioner can be voted on, it is necessary that he shall stand an examination prepared by the State school commissioner. If in such an examination an applicant makes a specified mark, he is competent and can become a candidate at the general election. If elected and commissioned by the Governor, it becomes essential that he should take an oath and give a bond before assuming the duties of the office. By section 1492 the bond is required to be "with good security, payable to the county board of education, conditioned upon his faithful performance of his duty under the law, the amount and sufficiency of the security to be judged of by the board." After having qualified, the commissioner can be removed from office, before the expiration

of his term, by a majority vote of the board of education, "for inefficiency, incapacity, neglect of duty, or malfeasance or corruption in office." There is no provision of law giving the members of the board of education authority of removal over the county school commissioner, except as just indicated. It would seem that the commissioners might decline to approve a bond for any of the reasons specified above which would be sufficient to authorize them to remove him from office; but it is not contended that any such reasons existed in this case. The real reason for the refusal of the county board of education to approve his bond was based on the conduct of the complainant before his election to office, involving his integrity and character and his qualifications in respect to citizenship in the county for a certain period before his election. None of these had reference to the power which the commissioners had under section 1492 in regard to passing upon "the amount and sufficiency of the security." The evidence discloses that the board had been satisfied both as to the amount and sufficiency of the bond; and having been so satisfied, it was their duty upon application to have so declared, and to have made an entry thereof upon their minutes, and to have approved his bond. It would be an abuse of discretion not to do so under the circumstances.

2. The commission issued by the Governor was expressly from the 7th day of May, 1912, to the 7th day of May, 1916, but the term of his office, under section 1489, was for four years, and until his successor was elected and qualified. The bond which he tendered followed the language of his commission, and purported to be operative for the four years between the dates above mentioned, without any reference to the language of the section, "and until their successors are elected and qualified." Notwithstanding the bond might have omitted such language, it would bind the securities thereon for any time after the expiration of the four years until the principal's successor should have been elected and qualified. 29 Cyc. 1457. The mere fact that after the election and tender of the bond another act of the legislature (Acts 1912, p. 180) extended the commissioner's term until the first day of January, 1917, and that the bond made no reference to the security for the eight months intervening between these two dates, would not authorize the commissioners to refuse to approve the bond on the ground that it was not sufficient. Applying these

principles to the case, none of the assignments of error upon exceptions pendente lite, or in the grounds of the motion for a new trial, show cause for a reversal.

                    *Judgment affirmed.* ` All the Justices concur.*