TALMADGE, commissioner, et al. v. CORDELL; et vice versa.

HINES, J. 1. This suit was not instituted to test the title of an adverse claimant to the place of fertilizer inspector claimed by the relator, but was brought by him for the writ of mandamus to compel the Commissioner of Agriculture to recognize the rights of the relator, whom the Commissioner of Agriculture, without legal authority, has attempted to remove from office, and to compel him to draw warrants upon the Treasurer of the State for his salary. For this reason the remedy of mandamus may be invoked to compel the Commissioner of Agriculture to recognize the rights of the relator, and to compel that officer to issue to him warrants for the monthly payments of his salary. *Akerman* v. *Board*, 118 *Ga.* 334 (45 S. E. 312); *Holder* v. *Anderson*, 160 *Ga.* 433 (128 S. E. 181). In *Stanford* v. *Lynch*, 147 *Ga.* 518 (94 S. E. 1001), title to office was the sole issue.

2 It is the duty of the Commissioner of Agriculture to keep a correct account of money received from the inspection of fertilizers, and to pay the same into the treasury from day to day as received; and it is his duty to draw warrants on the treasury against said funds, from time to time, for the payment of salaries of fertilizer inspectors. Civil Code (1910), § 1795; Acts 1912, p. 56; 1 Park's Code, § 1795. Mandamus will lie to compel the commissioner to discharge this official duty. Civil Code (1910), § 5440; see *Mattox* v. *Board*, 148 *Ga.* 577, 581 (97 S. E. 532, 5 A. L. R. 568).

3. The Commissioner of Agriculture shall appoint not exceeding six general inspectors, who shall be known as State inspectors. Such inspectors shall be commissioned for a term of two years, the commissioner having the right to discharge any inspector for incompetency, neglect of duty, or malfeasance in office. Acts 1912, p. 52; 1 Park's Code, § 1780.

4. Under the above provision of the act of 1912, State inspectors of fertilizer shall be commissioned for a term of two years; and this necessarily fixes their terms of service for the periods of two years from the dates on which they are commissioned. Even in the absence of legislation fixing the beginning of the term, the appointing power is clothed with the power to fix the beginning of the term of the first appointee; and thereafter all subsequent terms are to conform to the beginning of the term of the first appointee. Throop on Public Officers, § 318; 29 Cyc. 1398; *McCleskey* v. *Zimmer*, 144 *Ga.* 834 (88 S. E. 188). There is nothing in the case last cited contrary to what we now rule. The court there held that the legislature had fixed the beginning of the term of the office dealt with, and that in consequence the beginning of such term could not be changed by the appointing power,

5. The relator, being a quasi public officer commissioned for the definite term of two years, was not subject to removal by the Commissioner of Agriculture, except upon cause shown with notice and an opportunity to be heard. *Coleman* v. *Glenn*, 103 *Ga.* 458 (30 S. E. 297, 68 Am. St. R. 108); *Ledbetter* v. *Reese*, 148 *Ga.* 633 (97 S. E. 669); *Holder* v. *Anderson*, supra.

6. A State inspector of fertilizers, being appointed by the Commissioner of Agriculture, and being required before entering upon the discharge of his duties to take a special oath to faithfully discharge all duties required of him (Civil Code of 1910, § 1782), such oath is not one required by § 272 to be filed in the Executive office. The oaths required to be so filed are the official oaths referred to in § 269. Under proper construction of § 1780 it impliedly provides for the filing of the oaths of fertilizer inspectors with the Commissioner of Agriculture.

7. An inspector of fertilizer is not such a civil officer as must be commissioned by the Governor under the Civil Code of 1910, § 263.

8. Applying the above principles, the trial judge did not err in overruling the demurrer to the petition.

9. The trial judge did not err in striking, upon demurrer, the 14th paragraph of the petition.

10. While payment to a de facto officer, in possession of and discharging the duties of an office, of the salary incident thereto is generally a defense to an action by the rightful officer to recover it, and while it is incumbent upon the de jure officer to have his title to the office established in a direct action, this rule is not applicable (a) where no one has been specifically appointed to the office in place of the rightful officer, or (b) where it is shown that the full complement of officers has not been appointed, or (c) where it is shown that the government did not in good faith pay the salary to the de facto officer. *City of Macon* v. *Bunch*, 156 *Ga.* 27 (1 *g*) (118 S. E. 769); *Mattox* v. *Board*, supra. No one had been specifically appointed by the Commissioner of Agriculture to the place of State inspector in the place of the relator, who was the rightful holder. The appointment by the Commissioner of six persons to act until further notice from him, and designating one of such appointees to act in the territory in which relator served, did not amount to a specific appointment of such person to the position held by the relator.

11. To justify the court in refusing the writ of mandamus on the ground that the party applying has slept over his rights, the laches must be gross—the delay must be unreasonable. *Mayor &c. Savannah* v. *State, ex rel. Green*, 4 *Ga.* 26 (3). From the facts alleged in the petition it does not appear that the relator was guilty of such gross neglect as to bar him from applying for mandamus in this case. *Mattox* v. *Jones*, 141 *Ga.* 649 (81 S. E. 861).

12. Applying the principles ruled in the two preceding paragraphs, the trial judge erred in the proviso to his judgment sustaining the demurrer to the answer of the respondent, in which he ruled that the matters in the answer might be considered upon the issues as to whether or not the respondent acted in good faith in the premises, and whether or not the plaintiff was barred by laches, if any, on his part in bringing the application for mandamus.

596

*Judgment affirmed on the main bill of exceptions, and affirmed in part and reversed in part on the cross-bill. All the Justices concur.*

Nos. 6762, 6768. DECEMBER 13, 1928.
REHEARING DENIED JANUARY 23, 1929.

George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, S. P. New, J. K. Whaley, L. W. Harrell, and R. W. Cooper, for plaintiff in error. W. S. Mann, contra.