### TALMADGE, commissioner, *v.* SEYMOUR *et al.*

RUSSELL, C. J. 1. The bill of exceptions recites that "during said hearing the defendant orally requested permission to file an additional demurrer, the substance of which was orally stated. The court ruled that he would not permit said demurrer. Said demurrer was subsequently reduced to writing and filed with the clerk on the — day of February, 1929." Error is assigned upon the judgment of the court in disallow-

ing the demurrer. This assignment of error can not be considered, because the proposed demurrer is neither set out in the bill of exceptions nor attached thereto as an exhibit, nor otherwise identified by the trial judge, but is brought up in the record, of which it properly forms no part. *Sayer* v. *Brown*, 119 *Ga.* 539 (46 S. E. 649), and cit.

2. Though this case involves the term of office and compensation of short-term fertilizer inspectors, it was held in this same case (*Talmadge* v. *Seymour*, 167 *Ga.* 601, 146 S. E. 473), that the decision at that time was controlled by the ruling in *Talmadge* v. *Cordell*, 167 *Ga.* 594 (146 S. E. 467), which involved the term of office and compensation of full-time fertilizer inspectors; and in the state of the record there is no reason why on the second appearance of both cases the same ruling does not still control, and the decision in this case is controlled by the rulings in *Talmadge* v. *Cordell*, ante; and the judgment of the trial court is affirmed with the same direction as contained in the opinion in *Talmadge* v. *Cordell*.

*Judgment affirmed, with direction. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

No. 7100. FEBRUARY 12, 1930. REHEARING DENIED MARCH 1, 1930.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, L. P. Goodrich, S. P. New, J. K. Whaley, R. W. Cooper,* and *L. C. Harrell,* for plaintiff in error.

*J. T. Sisk,* contra.