TALMADGE, commissioner, *v.* SEYMOUR *et al.*

*J. K. Whaley, R. W. Cooper, L. C. Harrell,* and *S. P. New,* for plaintiff in error.

*J. T. Sisk,* contra.

HINES, J. Seymour and the other plaintiffs were appointed by Brown, former commissioner of agriculture of this State, short-term fertilizer inspectors for the term of two years from October 1, 1926, to October 1, 1928. Talmadge succeeded Brown in the office of commissioner of agriculture, in June, 1927. Talmadge discharged these inspectors without cause, notice, hearing, or trial on any charges of incompetency or dereliction of duty preferred against them, and refused to assign them to discharge any of the duties of said offices, and to pay them any of the emoluments thereof; but on the contrary he appointed others to discharge the duties which plaintiffs were appointed to perform. On March 26, 1928, plaintiffs filed their petition for mandamus to compel Talmadge, as such commissioner, to recognize them as the duly qualified short-term fertilizer inspectors of the State of Georgia until October 1, 1928, to assign them to duty as such inspectors, to pay them their salaries for the services required of them in such capacity, and to draw warrants in their behalf for the compensation allowed them by law. Talmadge demurred to the petition, upon the grounds that it set forth no cause of action, that plaintiffs had a complete and adequate remedy at law by quo warranto, and other grounds which need not be stated. The trial judge overruled the demurrer to the petition, and to this judgment Talmadge as commissioner excepted. This court, on January 23, 1929, affirmed that judgment. *Talmadge* v. *Seymour,* 167 *Ga.* 601 (146 S. E. 473). This court held that the case was controlled by the decisions in *Talmadge* v. *Cordell* and *Talmadge* v. *McDonald,* 167 *Ga.* 594, 601 (146 S. E. 467, 472). The case came before this court again; and this court affirmed the

judgment of the court below, with the same direction as was contained in the opinion in *Talmadge* v. *Cordell,* 170 *Ga.* 13 (152 S. E. 91); *Talmadge* v. *Seymour;* 170 *Ga.* 22 (152 S. E. 96). When the case was returned to the lower court, with the above direction, the trial judge found that each of the plaintiffs was entitled to recover the sum of $333.32; and "adjudged that each of said plaintiffs do have and recover said sums, and that same be paid as provided by law in such cases." The trial judge, moreover, found that this sum was due each of the plaintiffs on his salary which accrued subsequently to January 1, 1928; and in view of this finding he declined to make the grant of mandamus absolute, requiring the commissioner to draw his warrants in favor of each of the plaintiffs on the State treasurer, for the amount of salary so due each of them, this judgment being rendered in accordance with the direction given by this court, as aforesaid. The commissioner in the present bill of exceptions excepts to said judgment, and especially to that part thereof which gave to the plaintiffs a money judgment, on the ground that it was not in accordance with the direction of this court, that the judge should have simply denied the mandamus, and that the rendering of such money judgment was the result of an incorrect construction of the directions of this court.

1. The trial judge found that the salary due each of the plaintiffs accrued after January 1, 1928, and, following the direction given by this court when the case was here the last time, refused to grant a mandamus absolute requiring the commissioner to issue warrants to each of plaintiffs for his salary so due, upon the ground that such salary accrued after January 1, 1928. This portion of the judgment was in accordance with the direction given by this court.

2. But it is insisted that the trial judge erred in that he went beyond the direction given by this court, and rendered in behalf of each of the plaintiffs a money judgment for the amount of salary due them after January 1, 1928. To enable the trial judge to determine whether a mandamus absolute should be granted, requiring the commissioner to issue to each of the plaintiffs a warrant for his salary, it was incumbent upon him to find what salary was due each of the plaintiffs, and whether the same accrued prior to January 1, 1928. Properly construed, his judgment was a finding that

each of the plaintiffs was entitled to have and recover the sum of $333.32, and that the same was to be paid according to the law as it existed on and after January 1, 1928, and not that it was a personal judgment against the commissioner. So construing the judgment, we do not think that the finding of the court, as to the amount of salary which each of the plaintiffs was entitled to have according to law, requires the grant of a new trial. This portion of the judgment should be allowed to stand as a finding merely of the amount of salary due each of the plaintiffs and that the same should be paid under the law as it existed on and after January 1, 1928. *Judgment affirmed. All the Justices concur.*