33386. MORELAND *et al. v.* KILGORE *et al.*

Decided March 15, 1951. Rehearing denied March 28, 1951.

608

*Louis M. Tatham, J. Richmond Garland,* for plaintiffs in error.
*Morris M. Herzberg, Milton G. Farris,* contra.

GARDNER, J. ■ A motion to dismiss a plaintiff's petition in the trial court is in the nature of a general demurrer. *Davis* v. *Terrell,* 70 *Ga. App.* 478 (28 S. E. 2d, 590). Counsel for the plaintiffs in their motion to dismiss rely chiefly upon the case of *Talmadge* v. *Seymour,* 170 *Ga.* 22(1) (152 S. E. 96), and the case cited therein, *Sayer* v. *Brown,* 119 *Ga.* 539 (43 S. E. 649). We do not think these cases are authority for the contention of the movants to dismiss the bill of exceptions. It will be noted that in the *Talmadge* case counsel asked permission to file an additional demurrer and the court refused to allow it to be done. Thereupon, a demurrer was written out and filed with the clerk. We have consulted the original record and find that the court never did pass upon it. The original record in that case reveals that the demurrer was never made a part of the record and the Supreme Court held that it could not be considered as a part of the record and could not be brought up and considered as such. In that case, of course, the proper way would have been to set out the purported demurrer in the bill of exceptions or to have attached it as an exhibit to the bill of exceptions. The case of *Sayer* v. *Brown,* is not in point because it involved an amendment which the court never allowed and it did not become a part of the record, and for that reason could not be considered as such, but the amendment should have been set out in the bill of exceptions or attached thereto as a part of it. The assignment of error in the bill of exceptions on the motion now under consideration is as follows: "On October 30, 1950, the defendants filed in the Civil Court of Fulton County, Georgia, a motion to dismiss the petition of plaintiffs. A hearing was duly had on said motion before the Honorable Robert Carpenter, a judge of said court, and after argument thereon and before the verdict of the jury was returned, the court on October 30, 1950, dis-

missed and overruled said motion and rendered a judgment thereon contrary to plaintiffs in error. Whereupon, plaintiffs in error excepted and now except and assign the same as error, and contend that said judgment was contrary to law." This court in the case of *Holloman v. City of Tifton,* 3 *Ga. App.* 293 (1) (59 S. E. 828), Judge Powell speaking for the court, stated: "A bill of exceptions reciting that the trial judge sustained a general demurrer to the petition, and alleging that 'to this order sustaining said demurrer plaintiff excepted, and now excepts and assigns the same as error,' is not subject to dismissal on the ground that it contains no sufficiently definite assignment of error." See citations therein. In a more recent case, *Greene v. Orr,* 75 *Ga. App.* 673 (44 S. E. 2d, 273), in division 1, this court said: "The motion to dismiss the writ of error is denied. A bill of exceptions reciting that the court erred in overruling the general and special demurrers, and that 'to this ruling the plaintiff in error excepted and now excepts and assigns the same as error upon the ground that it was contrary to law,' contains a sufficient assignment of error where the demurrers themselves appear in the record." See citations therein. We have examined the original record in the *Greene* case and it is practically on all fours with the record in the instant case. The motion to dismiss is denied.

■ ■ We come next to consider whether the court erred in overruling the motion to dismiss the petition. The defendants complain that the overruling of their motion to dismiss is reversible error because there is no allegation in either of the counts that the plaintiffs had complied with the license law as required by the Code, § 84-1413 and section 2 of the act of 1949, amending the act creating the Real Estate Commission (Ga. L. 1949, pp. 943, 945) and cite in support thereof *Mayo v. Lynes,* 80 *Ga. App.* 4 (55 S. E. 2d, 174). Counsel cited to the same effect, *Hazlehurst v. Southern Fruit Distributors,* 46 *Ga. App.* 453 (167 S. E. 898); *Lee v. Moseley,* 40 *Ga. App.* 371 (149 S. E. 808); *Padgett v. Silver Lake Park Corp.,* 168 *Ga.* 759 (149 S. E. 180).

■ While the contentions of the defendant are correct if the contract between the parties had been for the sale of real estate only, such does not apply to the facts of the instant case for the reason that the contract here was for the sale of realty and

personalty as shown by the contract. The motion to dismiss was in the nature of a general demurrer. Even if it be conceded that the plaintiffs were not entitled to recovery of the commissions on the sale of the real estate, we find no law that would prevent the plaintiffs recovering a commission for the sale of the personalty involved. In the case of *Travelers Insurance Co. v. Harrington*, 75 *Ga. App* 759, 762 (44 S. E. 2d, 457) this court held: "The only question for determination by this court is whether or not the petition is sufficient to resist a general demurrer. While considering the issues here involved, we shall bear in mind the rule that a general demurrer to the petition should not be sustained and the suit dismissed because the plaintiff would not be entitled to recover all he asks; if the petition sets up a good cause of action as to any portion of his demand, it is sufficient to resist a general demurrer. *Douglas, Augusta, &c. Railway Company* v. *Swindle*, 2 *Ga. App.* 550 (59 S. E. 600)." See also in this connection, *Hoffman* v. *Louis L. Battey, Post Number 4, American Legion*, 74 *Ga. App.* 403(5) (39. S. E. 2d, 889): "On general demurrer, a petition setting out a cause of action as to some of the damages claimed should not be dismissed because some of the damages sought may not be appropriate. This is a matter for special demurrer; and a special demurrer, being a critic must itself be perfect and point out with particularity which of the damages sought are objectionable and for what reason." In *Bowen* v. *Samuels*, 204 *Ga.* 718, 720 (51 S. E. 2d, 667), the Supreme Court said: "With reference to the general demurrer, the question presented to this court is, did the petition set forth a cause of action for any of the relief sought? 'Where the demurrer going to the whole bill is overruled, it is an adjudication that the complainant is entitled to some relief, but the extent of the relief is still an open question.'"

The court did not err in overruling the motion to dismiss.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*