**John T. DOLAN, Appellant,**

v.

**Frank RAMACCIOTTI, Respondent.**

**No. 55434.**

Supreme Court of Missouri,
En Banc.

Dec. 14, 1970.

Rehearing Denied Feb. 8, 1971.

---

814

———◆———

Champ C. Stonebraker, St. Louis, for appellant, John T. Dolan.

Roberts P. Elam, St. Louis, for respondent.

William W. Beckett, Columbia, for Missouri Real Estate Association, Amicus Curiae.

BARDGETT, Judge.

Appellant (plaintiff) sued respondent (defendant) alleging that, pursuant to an oral agreement between plaintiff and defendant, defendant owed plaintiff $5,000 for certain services performed by plaintiff for defendant in connection with the leasing of real estate owned by defendant and another to a third person. The circuit court sustained defendant's motion to dismiss plaintiff's second amended petition for failure to state a claim upon which relief could be granted. Thereafter plaintiff did not seek leave to amend his pleading in the trial court pursuant to Rule 67.05 but rather treated the dismissal as a final appealable order under Rule 67.03 and took an appeal to the St. Louis Court of Appeals. The court of appeals reversed and remanded the cause for trial on the

plaintiff's instant pleading. On motion of respondent (defendant) this court transferred the cause here. The entire cause will be determined here the same as on original appeal. Civil Rule 84.05(h), V.A. M.R.; Mo.Const., Art. V, § 10 (1945), V.A.M.S.; Cornet & Zeibig, Inc. v. 430 Withers Realty Co., Mo. (Banc), 415 S.W.2d 751.

We adopt the statement of facts set forth in the opinion of the St. Louis Court of Appeals:

"The dismissed pleading alleged that: plaintiff and defendant at all times mentioned resided, respectively, in St. Louis County and St. Louis City; in June, 1955, at defendant's special instance and request, plaintiff orally agreed with defendant and one Simpkins to 'find them someone who would agree to lease' certain property in St. Louis County in consideration of $10,000 to be paid one-half by each of them to plaintiff; plaintiff *located* one Brown, *interested* him in leasing the property for a corporation he was president of, and 'did *arrange*' for him 'to *deal with*' defendant and Simpkins on it; in pursuance of his oral contract, plaintiff "did *obtain agreement* with' the lessee and 'did *deliver*' in March, 1956, the lease for the premises prepared by defendant which was executed by the tenant for a 15-year term beginning about January, 1957, at $30,000 per year, which was the direct and proximate result of plaintiff's industry and efforts in 'obtaining' the tenant 'to lease these premises'; Simpkins paid his $5,000 to plaintiff for plaintiff's 'efforts in *obtaining*' the tenant '*to sign the lease*'; plaintiff made repeated but unavailing demand on defendant for $5,000, for which judgment was prayed."

■ In ruling upon the correctness of the trial court's action in sustaining defendant's motion to dismiss, all properly pleaded facts in and all inferences of fact that may be fairly and reasonably drawn from the petition must be taken as true. Hall v. Smith, Mo., 355 S.W.2d 52, 55;

Gilbert v. Edwards, Mo.App., 276 S.W.2d 611, 616.

Appellant in his reply brief states: "It is the theory of the plaintiff-appellant that he is entitled to a 'finders fee' for his services and he so alleged the following in his petition 'plaintiff was to find them someone who would agree to lease the property * * *'" Plaintiff argues that he was not acting as a real estate broker but only as a "finder" and, therefore, Chapter 339, RSMo 1959, V.A.M.S.,—Real Estate Agents and Brokers—does not apply to him and, consequently, plaintiff need not plead that he was a licensed person as required by § 339.-160 nor that he comes within any of the exceptions enumerated in § 339.010(3).

It is defendant-respondent's position that plaintiff's second amended petition alleges an agreement between plaintiff and defendant and acts performed by plaintiff which bring him within the provisions of Chapter 339 and that it was necessary, in order to maintain the action, for plaintiff to plead either that he was a licensed real estate broker or salesman as required by § 339.160 or that plaintiff fell within one of the exceptions enumerated in § 339.010(3), RSMo 1959, V.A.M.S. (We are mindful of the amendment to § 339.010 enacted in 1967 which repealed the exception of the "occasional" transaction. However, the instant cause arose prior to 1967 and is, therefore, not affected by the amendment.)

In 1941 the Missouri General Assembly enacted a new section, Chapter 339, relating to real estate agents and brokers.

Section 339.160 provides that "No person * * * acting in the capacity of a real estate broker * * * shall bring or maintain an action in any court in this state for the recovery of compensation for *services* rendered in the * * * leasing * * * [of] real estate without alleging and proving that such person * * * was a licensed real estate broker or salesman at the time when the alleged cause of action arose." (Emphasis ours.)

Section 339.010(1) provides: "A 'real estate broker' is any person * * * who advertises, claims to be or holds himself out to the public as a real estate broker or dealer and who for a compensation or valuable consideration, as whole or partial vocation * * * leases or offers to lease * * * the real estate of others * * *."

As this cause comes to us on the pleadings, the question of the applicability of Chapter 339 to this cause of action will be determined by the *acts* and *services* plaintiff pleads he is entitled to compensation for performing. Neither plaintiff's characterization of himself in his briefs and argument as a "finder" nor that which he seeks as a "finder's fee" are controlling. We will determine the legal effect of the pleading by what plaintiff has pled.

On this point the opinion of the St. Louis Court of Appeals says:

"It is clear that plaintiff leased the real estate of others for a valuable compensation. The petition alleges that plaintiff found the prospect and 'interested' him in leasing the property, arranged for him to deal with the owners, obtained agreement with him and delivered to him the lease prepared by defendant, and obtained the tenant to sign the lease, and 'procured' the lease. Such activity commonly entitles a broker to a commission. Cornet & Zeibig, Inc. v. 430 Withers Realty Co., Mo. (Banc), 415 S.W.2d 751, 756; Kyle v. Kansas City Life Ins. Co., 356 Mo. 331, 201 S.W.2d 912, 914; Strout Realty Agency, Inc. v. McKelvy, Mo.App., 424 S.W.2d 98, 102; McMonigal v. North Kansas City Development Co., 233 Mo. App. 1040, 129 S.W.2d 75, 81. If the agency contract provides only for finding and introducing, the services thus rendered are the procuring cause of the lease. Cornet, supra, 415 S.W.2d 1. c. 757; Nichols v. Pendley, Mo.App., 331 S.W.2d 673, 676. It is the type of contract sometimes made by a broker. Mills v. Keasler, Mo., 395 S.W.2d 111, 113, 118, labeling it as an

agreement to pay a 'finder's fee' if the broker sells the property. 'Finding,' 'procuring,' and 'introducing' are generally used synonymously in making brokerage contracts. Vigeant v. Fidelity Nat. Bank & Trust Co., 236 Mo.App. 774, 158 S.W.2d 184, 189. If the owner asks a person to *find* a prospect, a relation of principal and agent is created, one of trust and confidence requiring the agent to be perfectly frank with the principal, disclose all material facts, strictly avoid misrepresentation, and act with utmost good faith in the interest of the principal. Groh v. Shelton, Mo.App., 428 S.W.2d 911, 916."

■ We adopt the foregoing as a correct interpretation of the services for which plaintiff seeks compensation. Significantly, § 339.010 includes within the definition of "real estate broker" one who "claims to be * * * a real estate broker". It is inherent in the performance of the services plaintiff alleges in his pleading that he performed, that he represented himself to potential lessees as having the ability and authority to solicit the lease; to interest lessee in the lease; to arrange for the lessee to deal with defendant; to obtain agreement with the lessee, and to obtain the tenant to sign the lease. By these acts we hold that plaintiff constructively claimed to be a real estate broker in that he embarked on a course of conduct, which the St. Louis Court of Appeals found to be, and which we agree were, services ordinarily performed by real estate brokers. We further hold that plaintiff in the performance of the pleaded acts was "acting in the capacity of a real estate broker" and by his second amended petition sought the recovery of compensation for services rendered in the leasing of real estate of defendant. Thus, plaintiff's pleading brings him within the scope of Chapter 339 and consequently the maintenance of his cause of action is governed by the provisions of § 339.160 and the exceptions enumerated in § 339.010(3). Section 339.160 prohibits the bringing of a cause of action by a person acting in the capacity of a real estate broker for compensation for *services* rendered in the leasing of real estate without alleging and proving that plaintiff was a licensed real estate broker or salesman, and we hold that plaintiff's pleading seeks compensation for just such services.

This suit was instituted by plaintiff on March 20, 1961. Plaintiff's first amended petition was filed July 14, 1967, and his second amended petition was filed October 11, 1967. At no time did plaintiff allege he was a licensed real estate broker, and therefore did not satisfy the pleading requirement of § 339.160.

Plaintiff asserts in his briefs and oral argument that he is entitled to a trial on this second amended petition as it now stands. The St. Louis Court of Appeals granted plaintiff this relief and reversed and remanded the cause for trial on the instant pleading, although suggesting that plaintiff "would do well to amend his pleading by alleging, if appropriate, facts" which would bring him within the exception of the "occasional" transaction provided for in § 339.010(3).

■ We hold that in the absence of the allegation of "license" as required by § 339.160, RSMo 1959, V.A.M.S., the only way plaintiff could maintain this action is if he falls within one of the exceptions enumerated in § 339.010(3), and that it is incumbent upon the person bringing the action to affirmatively allege and prove facts which cast him within one or more of the enumerated exceptions. Plaintiff wholly failed to so plead.

■ Defendant-respondent contends that this court's holding in Miller Nationwide Real Estate Corp. v. Sikeston Motel Corp., Mo., 418 S.W.2d 173, precludes plaintiff here from the benefit of the occasional transaction exception set forth in § 339.010(3). Defendant is incorrect. In the Miller Nationwide case plaintiffs *were regularly engaged in the real estate brokerage business in other states and held them-*

*selves out as such.* Section 339.010(1), RSMo 1959, V.A.M.S., does not restrict the definition of real estate broker to "one who holds himself out [as a real estate broker *in Missouri*]", but applies to one who holds himself out as a real estate broker anywhere. Miller Nationwide held, inter alia, that the occasional transaction exception noted above in § 339.010(3) is not available to one who holds himself out as a broker elsewhere even though he engages in only a single transaction in Missouri. In order to qualify for the noted exception, one must not hold himself out as a real estate broker anywhere *and* the Missouri transaction must be only an occasional one.

It is clear from a reading of § 339.010 (3) that the legislature intended that one who might occasionally engage in acts which a broker would ordinarily perform but who did not hold himself out as a real estate broker *anywhere* would not be barred from recovery under that section as it existed prior to the 1967 amendment. Plaintiff was not precluded from the benefit of the occasional transaction exception had he pleaded it. However, as noted, plaintiff did not seek leave to amend in the trial court but stood on the instant pleading and insists that the instant pleading states a claim upon which relief can be granted and on which he is entitled to go to trial.

We disagree, and for the reasons stated above we hold that under §§ 339.160 and 339.010, RSMo 1959, V.A.M.S., plaintiff's second amended petition fails to state a claim upon which relief can be granted and the trial court was correct in so ruling.

Plaintiff cites Dysart v. Murphy, Mo. App., 215 S.W. 752, decided in 1919, and McMonigal v. North Kansas City Development Co., 233 Mo.App. 1040, 129 S.W.2d 75, decided in 1939, for the proposition that one need not be a licensed broker to recover for services rendered in the sale of real estate of others. The cases do so hold; however, they were decided prior to the enactment of Chapter 339 by the Missouri Legislature in 1941 which, for the first time, required the state licensing of real estate brokers, and are therefore not controlling.

Other cases cited by plaintiff do not involve services in the sale or leasing of real estate and are therefore no authority for plaintiff's position.

The judgment of the circuit court is affirmed.

All of the Judges concur.

## ON REHEARING.

### PER CURIAM.

In appellant's motion for rehearing he asks that this cause be remanded to the trial court because appellant says that neither respondent's motion to dismiss filed in the trial court nor that court's order sustaining said motion states the specific ground of appellant's failure to plead he was licensed or plead himself within one of the exceptions to Chapter 339 as the basis for the court's ruling.

At the same time, however, appellant reargues and reasserts his position that he is not required to so plead and lack of license or exception to Chapter 339 is a matter of defense only. The court of appeals observed, "Plaintiff does not allege that he was, and we assume that he was not, licensed under Chapter 339 at the time of the transaction. Had he been so licensed, he would no doubt have so alleged, at least by the time of and in his second amended petition." Appellant has never asserted here that he could plead he was licensed. In argument before this court, appellant asserted that he does not claim to be within any exception and cannot plead himself within any of the exceptions. Consequently, it is clear that a remand to the trial court could serve no useful function. We have considered the other points raised on appellant's motion for rehearing and find them to be without merit. The motion for rehearing is overruled.