Andrew J. INGALLS, Plaintiff-Appellant,

v.

Newton D. NEUFELD et al., Defendants-
Respondents.

No. 9236.

Missouri Court of Appeals,
Springfield District.

Nov. 10, 1972.

Ray C. Conrad, Jr., Daniel, Clampett, Ellis, Rittershouse & Dalton, Springfield, for plaintiff-appellant.

James H. Wesley, II, Woolsey, Fisher, Clark & Whiteaker, Springfield, for defendants-respondents.

HOGAN, Judge.

In this action plaintiff sought to recover the sum of $8,500 for services rendered to the defendants in connection with the sale of a business known as Senior Citizens Center, Inc. Defendants filed a general motion to dismiss the petition on the ground that it failed to state a claim upon which relief could be granted. The trial court dismissed the action with prejudice and entered judgment in favor of the defendants and against the plaintiff. Plaintiff has appealed. The sole and determinative question presented is whether the petition shows on its face that plaintiff's recovery is barred by Section 339.160 [1] which provides:

"No person . . . engaged within this state in the business or acting in the capacity of a real estate broker or real estate salesman shall bring or maintain an action in any court in this state for the recovery of compensation for services rendered in the buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate without alleging and proving that such person . . . was a licensed real estate broker or salesman at the time when the alleged cause of action arose."

Plaintiff pleaded, in substance, that he was a salesman employed to travel over the state selling "custodial and pharmaceutical supplies"; that one of his customers was Senior Citizens Center, Inc., located at Mansfield, Missouri and owned by the defendants; that Senior Citizens Center, Inc., was a licensed "nursing home operation", and that on or about November 30, 1968, de-

[1]. References to statutes and rules are to R.S.Mo. (1969), V.A.M.S., Missouri Rules of Court (1972) and V.A.M.R.

fendants requested that plaintiff find a buyer for the nursing home and promised to pay him a fee equal to ten per cent of the selling price if he was successful. Plaintiff, "being in the unique position of knowing the owners and operators of similar type businesses throughout his territory in the State," found a buyer and defendants' business was sold for $85,000. Plaintiff further alleged demand and defendants' refusal to pay the agreed commission, and specifically averred: 1) that he was not a real estate broker or agent, and had not claimed to be or held himself out as such; 2) that he did not for compensation sell, offer to sell, buy, offer to buy, exchange or offer to exchange the real estate of others; 3) that he was not associated with any person known as a real estate broker or agent; and 4) that he did locate a buyer for defendants' business, but took no part in negotiating the sale, and was in fact not physically present when the sale was completed. As noted, the defendants filed a general motion to dismiss; the trial court granted the motion and entered judgment for the defendants.

The case lies before us on the petition, defendants' motion and the judgment entered by the court. While the matter has not been briefed or discussed by either party, we have had to inquire and determine whether or not the illegality vel non of plaintiff's contract was properly raised by defendants' motion. The motion, as noted, assigned no specific ground of infirmity, but merely asserted that no claim was stated.

■ It would be inappropriate, and quite beyond the scope of this opinion, to discuss the derivation and function of Rule 55.33 generally. It is sufficient here to say that a motion to dismiss on the ground of failure to state a claim or defense performs the same function which was performed by a general demurrer prior to its abolishment in 1943, Baysinger v. Hanser, 355 Mo. 1042, 1044, 199 S.W.2d 644, 645–646 [1]; Abbott v. Seamon, Mo.App., 229 S.W.2d 695, 698 [1], and by the terms of Rule 55.33 raises only such objections as

appear on the face of the pleadings. Rule 55.10 provides that illegality is a defense which must be affirmatively pleaded. Literally construed, Rule 55.10 would appear to require some specific averment that the contract sued upon was illegal, if the defendant intends to raise that defense, but such a construction would, in our view, be too narrow. No doubt if the illegality arose from some matter extrinsic or collateral to the contract, some affirmative pleading or motion showing the illegality would be required; on the other hand, courts take judicial notice of public statutes, and when the contract pleaded shows on its face that it was made in contravention of a statute, a general allegation that the petition states no actionable claim raises that defect, and no affirmative plea is necessary. Shohoney v. Quincy, O. & K. C. R. Co., 231 Mo. 131, 146–147, 132 S.W. 1059, 1063–1064 [6] [7], error dismissed 223 U.S. 705, 32 S.Ct. 517, 56 L.Ed. 621; 5 Wright and Miller, Federal Practice and Procedure, § 1357, pp. 605–606 (1969); 17 Am.Jur.2d Contracts, § 237, pp. 619–620. We have therefore concluded, as noted above, that the question before us is whether or not plaintiff's contract with defendants, as pleaded, violates the regulatory sections of Chapter 339 so as to deny plaintiff the aid of the courts in enforcing it. The petition is, of course, to be construed favorably to the plaintiff, giving him the benefit of every reasonable and fair intendment in view of the facts alleged, Jacobs v. Jacobs, Mo., 272 S.W.2d 185, 188 [2, 3], and if the pleader's allegations invoke principles of substantive law which may entitle the plaintiff to relief, the motion was improperly granted. Boyer v. Guidicy Marble, Terrazzo & Tile Co., Mo., 246 S.W.2d 742, 744 [1].

The defendants maintain that Section 339.160 applies to all transactions which include or involve the sale of anything which could be considered an interest in real property. The term "real estate", they say, is not qualified, limited or restricted in any manner by any of the provisions of Chapter 339. They further argue that plaintiff's

original petition—which is not in the record—shows that the sale of Senior Citizens Center did include realty, and in any case, since the sale of a nursing home of logical necessity includes the transfer of some interest in real property, plaintiff's action is barred by Section 339.160. Plaintiff's position is that the regulatory provisions of Chapter 339 do not and were not intended to apply to this isolated transaction in which he was acting only as a "business chance broker", that is as a broker who undertakes to sell a business as a going concern, including the good will, inventory and fixtures of the business.[2]

■ As to defendants' arguments, it may be conceded that our courts have construed Chapter 339 very strictly, and have trenchantly turned aside various attempts to avoid or erode the provisions of Sections 339.150 and 339.160. See, for example, Dolan v. Ramacciotti, Mo., 462 S.W.2d 812; Miller Nationwide Real Estate Corporation v. Sikeston Motel Corporation, Mo., 418 S.W.2d 173; Schoene v. Hickam, Mo., 397 S.W.2d 596; Gilbert v. Edwards, Mo.App., 276 S.W.2d 611. Nevertheless, it was plain in each of those cases that the predominant feature of the particular transaction was the sale or lease of real property, and as we read those precedents, they do not reach nor decide the precise question here presented. Concerning defendants' argument that plaintiff's original petition shows real estate to be involved, it may be granted abandoned pleadings may be used as admissions against interest, Sanfilippo v. Bolle, Mo., 432 S.W.2d 232, 234 [3], but plaintiff's original petition is not included in the transcript, and if it were, it would not be properly before this court because it was not introduced in evidence. Lightfoot v. Jennings, 363 Mo. 878, 880, 254 S.W.2d 596, 597 [3]; Spotts v. Spotts, 331 Mo. 917, 927, 55 S.W.2d 977, 981 [6], 87 A.L.R. 660, 667. There is not the slightest indication that defendants' motion was even informally or by consent converted into a "speaking motion", and, in the absence of a record so indicating, we may not presume that the court heard evidence or received proof on defendants' claim of illegality. Fine v. Waldman Mercantile Company, Mo.App., 412 S.W.2d 549, 551 [2–4]. As for defendants' argument that the sale of a nursing home impliedly involves the sale of real estate, such may ordinarily be the case, but that is not invariably true, see Glaser v. Shostack, 213 Md. 383, 131 A.2d 724, and it is not demonstrated upon the face of the amended petition that the corporate assets of Senior Citizens Center, Inc. included any interest in real property.

■ As to plaintiff's argument that the regulatory sections of Chapter 339 do not extend to this transaction, it may be granted without extended discussion that a number of statutes at least as restrictive as Section 339.160 have been held not to extend to or include the sale or exchange of businesses as going concerns, even though the sale may include some interest in realty as an incidental part of the sale. See, for a general discussion, Cary v. Borden Company, 153 Colo. 344, 386 P.2d 585, 586–587. Another view is that the transaction may be considered severable, and therefore the broker may recover his commission pro tanto on the sale of personalty. See Abramson v. Gulf Coast Jewelry and Specialty Co., 5 Cir., 445 F.2d 802, 803 (applying Alabama law); Moreland v. Kilgore, 83 Ga.App. 606, 64 S.E.2d 295, 297 [4]. No doubt either proposition is arguable in abstraction and upon general principle, but if such be the law the determinative and controlling factors are the terms and subject matter of the contract actually entered into by the vendor and purchaser; the name given the services rendered by the broker is immaterial. Dolan v. Ramacciotti, supra, 462 S.W.2d at 815–816 [2–5]. As the matter was put by a New York court in Baird v. Krancer, 138 Misc. 360, 246 N.Y.S. 85, 88:

2. This is a very general definition. For more precise definitions, see the statutes discussed in George Nangen & Co. v. Kenosha Auto Transport Corp., D.C. Wis., 238 F.Supp. 157, and Miller v. Stevens, 224 Mich. 626, 195 N.W. 481.

"If real estate is going to be the principal element involved in the transaction, a broker has to have a license and cannot evade its necessity by referring to the services as originating or introducing or any other fantastic term."

▰▰▰ In the case at hand, plaintiff has attempted to anticipate the defense of illegality by pleading that he is not a real estate broker or agent, that he has not claimed to be or held himself out as such, and that he does not offer to sell, buy or exchange the real estate of others for compensation. He further pleads that he is not directly or indirectly associated with any person who is a real estate broker, and although he admits he advised defendants' purchasers of the availability of defendants' business, and described it to them, he denies that he entered into the negotiation of the sale itself. In fact, plaintiff denies that he was physically present when the sale was completed. In short, neither the subject matter nor the terms of the actual sale can be determined or confidently inferred from the face of the petition. Plaintiff's cause of action is imperfectly or perhaps defectively stated, but that is not a defect reached by a general motion to dismiss. Downey v. United Weatherproofing, Inc., 363 Mo. 852, 855, 253 S.W.2d 976, 977–978 [1, 2]; Zuber v. Clarkson Const. Co., 363 Mo. 352, 355, 251 S.W.2d 52, 54 [1]. The illegality of the contract counted upon does not appear on the face of the petition, and it therefore follows that defendants' motion was improperly granted.

There is another, additional reason why we believe the cause should be reversed and remanded. What the parties actually seek is a broad construction of the regulatory provisions of Chapter 339 as they might apply to the sale of a going business. Even in those states which have construed their real estate licensing laws rather liberally, the question of the illegality of a specific transaction is a relative matter. See, as illustrative, Hughes v. Chapman, 5 Cir., 272 F.2d 193, 196 [2, 3] (applying Florida law); J. L. Kislak, Inc. v. Carol Management Corporation, 7 A.D.2d 428, 184 N.Y.S. 2d 315, 317, 318 [1] [4]. With deference to the trial court, whose judgment we respect, it is most important to explore and consider new or tentative legal theories in the light of actual facts, rather than the pleader's suppositions. If we attempted to construe the regulatory provisions of Chapter 339 on the bare bones of the pleadings filed in this case, the result would be little more than a theoretical statement of what the law might be upon a state of fact which may never be developed. See Shull v. Pilot Life Insurance Company, 5 Cir., 313 F.2d 445, 446–447 [3–5] [6, 7].

For the reasons indicated, the judgment is reversed and the cause is remanded.

TITUS, C. J., and STONE, J. concur.