JAMES W. WILKINSON, Ordinary, plaintiff in error, *vs.* CLEMENT A. CHEATHAM, defendant in error.

The Act of 1856, authorizing the levy and collection of a tax to compensate the owners of lots in the town of Webster, for damages sustained by the removal of the county site therefrom, to Starkesville, in the county of Lee, is a constitutional and valid Act.

Wilkinson *vs.* Cheatham.

*Mandamus* was the proper remedy for the enforcement of a right accruing to the petitioner under a statute of the State, which was not barred by the Statute of Limitations, until after the expiration of twenty years from the time of the assessment of the damages by the commissioners, under the Act.

The official signatures of a majority of the Justices of the Inferior Court on the back of the commissioners' certificate, without more, was a sufficient indorsement by them of the amount due as specified therein, according to the true intent and meaning of the Act.

*Held again,* That the assignment and transfer of the certificate by Watterer to the petitioner, vested the right and title thereto in him as his assignee, and that he was entitled to be paid the amount due thereon, as well as the interest due on both certificates.

*Mandamus.* Tax. Before Judge CLARK. Lee Superior Court. April Term, 1871.

Three " commissioners, appointed by the Legislature of said State, on the 18th of February, 1856, to assess damages sustained by the owners of town lots in the town of Webster, Lee county," in May, 1856, gave Cheatham a certificate that he was so damaged $1,460 60, and to one Watterer a certificate that he was so damaged $161 00. Each of these papers had written upon its back, "Richard T. Walters, J. I. C., Samuel Sullivan, J. I. C., James S. Herrin, J. I. C," and Watterer's was transferred by him, in writing, to Cheatham. On Cheatham's certificate, the county treasurer had made several payments, for which Cheatham had receipted on the back of said paper, the last of which was dated August 26th, 1858. In January, 1870, Cheatham filed his petition, setting forth said demands, averring that there was a balance due on his certificate and all was due on the one transferred to him, that the Ordinary would not assess a tax to have the same paid, and prayed that he be compelled by *mandamus* to do so.

The Ordinary objected to the *mandamus* being made absolute, upon the grounds that said claims were not a valid subsisting debt against the county; that *mandamus* was not the proper remedy; because the county was not liable to

Cheatham till he had exhausted "the removal fund" provided by law; because the Inferior Court of the county had not indorsed said certificates, the indorsements aforesaid not being a compliance with the Act; because said Act is void as against the citizens of Lee county; because it was barred in that this suit was not begun in four years, or six years, after the right of action accrued, nor before the 1st of January, 1870; and because Cheatham showed no sufficient legal title to the certificate transferred to him by Watterer. The Chancellor made the rule absolute, and error is assigned upon each of said grounds.

LYON, DEGRAFFENREID & IRVIN; GEORGE W. WARWICK, for plaintiff in error.

C. B. WOOTEN, for defendant.

WARNER, Judge.

In 1856 the General Assembly passed an Act providing for the removal of the county site of Lee county from the town of Webster to Starksville, and also provided, in said Act, for the appointment of three commissioners to assess the damages sustained by the owners of town lots in the town of Webster, and as soon as convenient thereafter, to give to such owners certificates of such assessment of damages for loss sustained in consequence of such removal of the county site, and provided that said certificates, having an indorsement of the amount due by a majority of the Justices of the Inferior Court, shall be paid by the treasurer of the county, out of the removal fund of said county, created by the Act, and authorized the Inferior Court of Lee county to levy a tax, not exceeding fifty per cent. per annum, on the State tax, to constitute a *removal fund* for the payment of said certificates. On the 31st December, 1869, Cheatham obtained a *mandamus nisi* from the Judge of the Superior Court, requiring the Ordinary of Lee county to shew cause why he should

Wilkinson *vs*. Cheatham.

not proceed to levy and have collected a tax sufficient to pay two certificates held by the petitioner, amounting to $526 00, besides interest due thereon.   The *mandamus nisi* was filed in the Clerk's office, 14th February, 1870.   On the trial of the case in the Court below, the petitioner exhibited in evidence two certificates, specifying in the face thereof the amount due for the damages sustained by the parties named therein, in consequence of the removal of the town of Webster, under the Act of the General Assembly, which were signed by the commissioners, and on the back of each certificate the names of three Justices of the Inferior Court were indorsed in their official capacity.   One of the certificates was issued to the petitioner for damages done to his property, the other was issued to Watterer for damages done to his property, which latter certificate had been assigned and transferred by Watterer to the petitioner.   On the final hearing of the case in the Court below, the *mandamus nisi* was made absolute, and the Ordinary was ordered to levy and collect a tax sufficient to satisfy the petitioner's demand; whereupon, the counsel for the Ordinary excepted, on various grounds, as set forth in the record.   The Act of the General Assembly, authorizing the tax to be levied and collected, was a constitutional and valid Act.

*Mandamus* was the proper remedy for the enforcement of a right, accruing to the petitioner, under a statute of the State, which was not barred by the Statute of Limitations until after the expiration of twenty years from the time of the assessment of the damages by the commissioners, under the Act.

The official signatures of a majority of the Justices of the Inferior Court, on the back of the commissioners' certificates, without more, was a sufficient indorsement by them of the amount due, as specified therein, according to the true intent and meaning of the Act.

The assignment and transfer of the certificate by Watterer to the petitioner, vested the right and title thereto in him as

his assignee, and he was entitled to be paid the amount due thereon, as well as the interest due on both certificates.

Judgment affirmed.