Roby *vs*. The State of Georgia.

### ROBY *vs*. THE STATE OF GEORGIA.

1. Where jury commissioners had been regularly appointed, and the terms for which they had been appointed had expired, they held over until their successors were appointed. Code, §132; 58 *Ga.*, 512.

(*a.*) There being no brief of evidence in the record, and it not being made to appear to this court, by suggestion of diminution or otherwise, that such a brief was filed at all, and counsel for plaintiff in error not being present, the ground of the motion for new trial, that the verdict is contrary to law and evidence, will be considered as abandoned.

2 In drawing a grand jury, the ordinary acts as one of the board of jury commissioners, and his absence during the drawing of the jury will not render it invalid, a majority of the commissioners being present and acting. Code, §4, sub-section 5; Acts 1878-9, p. 34.

(*a.*) Where the law is substantially complied with, and upright and intelligent men form the grand jury, whose duty it is to charge crime, not to try parties in the last resort, the courts should not set aside proceedings by such an inquest on mere technicalities. 57 *Ga.*, 430 (opinion by Jackson, J.)

Judgment affirmed.

March 17, 1885

JACKSON, Chief Justice.

[Roby was indicted for arson. He filed a plea in abatement, based on two grounds:

(1.) Because two of the persons who acted as commissioners in drawing the grand jury who found the bill of indictment were not legal commissioners, their terms having expired.

(2.) Because the ordinary did not participate in selecting the grand jury.

The judge certified that on the hearing of this plea, the following admissions were made:

"It was admitted on the trial that the jury commissioners, who revised the jury lists and drew the jury for this term of the court, had been regularly appointed under the statute; that the terms of two of them had expired at the time provided by law for the regular term of the April superior court; that the April superior court was not held; that successors to the two commissioners whose terms had expired had not been appointed; that the commissioners who participated in the revision of the jury lists and in drawing the jury for this term of the court were those who had been regularly appointed under the statute, as above stated; and that there could not have been a majority unless the two whose terms had expired had participated."

The court thereupon dismissed the plea. After conviction, a motion for a new trial was made and overruled, and defendant excepted.]