CITIZENS BANK OF FOLKSTON *v.* NEWTON.

No. 10445.   AUGUST 8, 1935.   REHEARING DENIED AUGUST 31, 1935.

*Hubert F. Rawls* and *W. A. Wood,* for plaintiff in error.

*Memory & Memory,* contra.

RUSSELL, Chief Justice. (After stating the foregoing facts.) The only question involved in the writ of error is whether or not the former sheriff of Brantley County is entitled to have the county depository transfer to the fine and forfeiture fund of the superior court of Brantley County a sufficient amount from the general funds of the county, not subject to any specific claims against the county, to pay the amount due on his insolvent orders, thus replacing, to that extent, moneys which should have been kept in the fine and forfeiture fund of the county, and should have been in the county depository to the credit of said fund. The Code of 1933, § 27-2904, provides that money derived from the fine and forfeiture fund shall be kept separate and distinct from other funds, and shall be paid only for insolvent costs; and an act of the General Assembly, approved August 20, 1917 (Ga. L. 1917, p. 283, § 3), which undertook to make changes with regard to insolvent costs, was held, in *Harris County* v. *Williams,* 167 *Ga.* 45 (144 S. E. 756), to be violative of the constitution. It appears in this case that more than $3000 which should have been placed in a separate fund (the fine and forfeiture fund) for the payment of insolvent costs had been, by the treasurer of Brantley County, before the creation of a county depository, diverted to the general funds of the county; and it is due to this fact that there was not a sufficient amount in the treasury to the credit of the fine and forfeiture fund with which to pay the amount due on the insolvent orders of this former officer. Section 92-3701 of the Code of 1933 provides a general fund. In *Walker* v. *Stephens,* 175 *Ga.* 405, 412 (165 S. E. 99), it was held that such a general fund may also be created by the lapsing of other funds levied for specific purposes, after all demands against such specific funds have been paid. And since it was held in *Bulls County* v. *Jackson Banking Co.,* 136 *Ga.* 719 (4) (71 S. E. 1065), that when all demands and indebtedness properly chargeable against a particular fund by taxation for a specific purpose have been paid or deducted, any remainder becomes a general fund, it is plain that as a part of the fine and forfeiture fund was improperly withheld from its own separate place in the treasury and the money applicable to such demands as that of the sheriff in this case diverted to the general fund, the judge properly by mandamus ordered the re-

payment of a sufficient amount of money to the credit of the fine and forfeiture fund to pay the legitimate demands of the former officer. The judge did not err in overruling the demurrer to the petition, or in granting the mandamus absolute.

*Judgment affirmed. All the Justices concur.*