## WOOD *v.* CITY BOARD OF PLUMBING EXAMINERS *et al.*

No. 13718.   JUNE 16, 1941.

*Samuel H. Wilds* and *A. L. Henson,* for plaintiff.

*J. C. Savage, E. L. Sterne, J. C. Murphy,* and *F. A. Hooper Jr.,* for defendants.

ATKINSON, Presiding Justice. The only issue of law involved in this writ of error is whether or not the judge erred in interposing a bar of laches to the plaintiff's action. No specific time limit is set out in the ordinance as to the length of time within which an applicant for a certificate shall apply to the board of examiners for a plumbing certificate and have it issued to him without examination. No attack is made on the constitutionality of the ordinance in question. Code section 3-712 reads as follows: "The limitation herein provided shall apply equally to all courts; and in addition to the above, courts of equity may interpose an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." The doctrine of stale demands is purely an equitable one, and arises only whenever from lapse of time and laches of the plaintiff it would be inequitable to allow a party to enforce his legal rights. *City of Barnesville* v. *Stafford*, 161 *Ga.* 588, 592 (131 S. E. 487). Mandamus is a common-law writ, not an equitable remedy. *Gay* v. *Gilmore*, 76 *Ga.* 725; *Spence* v. *Miller*, 176 *Ga.* 96, 98 (167 S. E. 188). "The authorities are much in conflict as to whether a statute of limitations, without express words to that effect, governs a proceeding in mandamus as though it were an ordinary civil action. Some of the cases hold the affirmative of this question, while others hold that a mandamus proceeding is not an 'action' or 'civil action' within the meaning of statutes limiting actions or civil actions. Statutes of limitations have been applied to mandamus proceedings by analogy even where they were not considered to be a technical bar." 18 R. C. L. § 285. Counsel for the defendants in error invoke the rule, recognized in R. C. L. § 286, that, irrespective of the question as to whether or not the statutes of limitation apply to mandamus proceedings, an application for the writ must be made within a reasonable time after the alleged neglect of duty. The same section, however, states, that, "In determining what constitutes such unreasonable delay as will justify the refusal of the writ, regard may be properly had to the circumstances which justify the delay, to the character of the case, to the nature of the relief demanded, and to the question whether or not the defendant or other persons have been injured by the delay. If it is apparent that the delay has not resulted in prejudice to the rights of the adverse party, and that the relief sought does not de-

pend on the determination of doubtful and disputed questions of fact, the writ may be allowed although there has been delay in asking for it where a reasonable excuse is given for the delay."

In the instant case it is difficult to see how there could have been any prejudice to any of the defendants, to those whom they as public servants represent, or to any other person or group of persons by reason of the fact that the plaintiff waited five years and four months to apply for a certificate, and when it was refused he waited. only from January 2, 1940 until January 13, 1941, to bring the present suit. *Talmadge* v. *Cordell,* 167 *Ga.* 594 (146 S. E. 467), was a suit for mandamus, brought by a discharged fertilizer inspector, filed April 7, 1928, to compel the commissioner of agriculture to issue to him warrants for the monthly payments of his salary ending with July, 1927. It was ruled: "To justify the court in refusing the writ of mandamus on the ground that the party applying has slept over his rights, the laches must be gross —the delay must be unreasonable. *Mayor &c. Savannah* v. *State, ex rel. Green,* 4 *Ga.* 26 (3). From the facts alleged in the petition it does not appear that the relator was guilty of such gross neglect as to bar him from applying for mandamus in this case. *Mattox* v. *Jones,* 141 *Ga.* 649 (81 S. E. 861)." It was error to sustain the motion to dismiss the action on the ground "It appears from plaintiff's petition that the plaintiff did not, within the time contemplated by law, apply to the City of Atlanta, or its proper officers, for a certificate of proficiency as a plumber under existing laws and ordinances."

*Judgment reversed. All the Justices concur.*