20726.   CROW, Mayor, *et al. v.* McCALLUM *et al.,*
Commissioners.

Argued January 11, 1960—Decided February 11, 1960.

*Herbert B. Kimzey, Kimzey & Kimzey,* for plaintiffs in error.
*Ernest McDonald, Cravey & Pentecost, Adams & McDonald,* contra.

ALMAND, Justice. ■ Since a number of the demurrers in this case present similar questions, these questions will be considered together, but not necessarily in the order in which they appear in the record. In paragraphs 51, 52, 53, 54, 55, 56, and 57, it was contended that mandamus should be denied for the various years therein set out because certain named persons were not made parties to the suit. The persons named were alleged to be predecessors in office to the officials named in the petition and were alleged to have held such offices during the years named in the plea. Demurrers to these paragraphs were sustained. There was no error in these rulings. Persons holding public office may be required by mandamus to perform a continuing duty which their predecessors in office either refused or failed to do. *Weathers* v. *Easterling,* 153 *Ga.* 601 (113 S. E. 152); *Citizens Bank of Folkston* v. *Newton,* 180 *Ga.* 860 (181 S. E. 171). The persons named in these paragraphs were, therefore, not necessary parties to this action, since the present officials may be required to do all the acts necessary to pay over the funds due the Peace Officers' Annuity and Benefit Fund of Georgia. It follows, the demurrers to these paragraphs were properly sustained.

Paragraph 58 of the answer contends that mandamus should be denied because the City of Cornelia was not made a party to this proceeding. There is no merit in this contention. In *McCallum* v. *Bryan,* 213 *Ga.* 669 (100 S. E. 2d 916), this court said: "The writ of mandamus may issue against officials to compel due performance of official duties. Code, § 64-101. 'Mandamus lies against an officer to require the performance of a clear legal right.' *Harmon* v. *James,* 200 *Ga.* 742 (38 S. E. 2d 401). What the writ of mandamus seeks to enforce is the personal obligation of the individual to whom it is addressed. *Bryant* v. *Mitchell,* 195 *Ga.* 135 (23 S. E. 2d 410). The writ does not reach the office nor can it be directed to the office. It acts di-

rectly on the person of the officer or other respondent, coercing him in the performance of a plain duty. It is a personal action against the officer and not one in rem against the office. [Citations omitted]. Consequently, there is no merit in the defendant's contention that the city should have been made a party to the proceedings."

■ Paragraph 23 of the answer was a general denial of paragraph 23 of the petition, in which the defendants were notified to produce certain books and records at the trial. The plaintiffs demurred to this paragraph on the ground that it was evasive and it was not alleged what documents defendants did not have and could not produce at the trial. The demurrer was sustained. There is no merit in the exception to this ruling. This paragraph of the answer is evasive, uncertain, and incomplete. It is impossible to tell whether the defendants intend to deny the right of the petitioners to compel the production of the documents, whether to deny the existence of the documents, or whether to deny that notice was given, or whether the denial has reference to some other matter. It was therefore not error to sustain this ground of the demurrer. Code § 81-308.

■ Demurrers to paragraphs 24 and 25 of the answer, in which it was alleged that no policeman of the City of Cornelia now belongs or had ever belonged to the Peace Officers' Annuity and Benefit Fund of Georgia, and that such officers were now covered by the provisions of the Social Security Law of the United States, were sustained. There is no merit in the exception to this ruling. Whether or not any policeman of the City of Cornelia is or ever has been a member of the Fund represented by the plaintiffs is completely immaterial and irrelevant on the question of whether the allocated funds should be paid over to the Peace Officers' Annuity and Benefit Fund, and could not possibly constitute a defense to this suit to require such funds to be paid over in accordance with the law. There was no error in this ruling.

■ Paragraphs 26, 27, 28, 29, 40, 43, 44, and 45 of the answer, to which demurrers were sustained, attempt to attack as unconstitutional, by violating stated provisions of the Constitution of Georgia, the Peace Officers' Annuity and Benefit Fund Act (Ga. L. 1950, p. 50 et seq.), together with numerous acts amendatory

thereto, for various stated reasons. These attempts to attack all of these acts in their entirety are completely insufficient to draw into question the constitutionality of any act. "A criticism that 'sections 885 to 900 inclusive of the Criminal Code' of this State are violative of art. 6, sec. 4, par. 7 of the Constitution of Georgia, 'in that it confers upon the superior court the right to render judgment in cases' thereunder 'without the intervention of a jury,' is too general to raise a question as to the constitutionality of any particular section of the Code, it appearing that many of the various sections included in the criticism have no reference to the subject of trial without a jury." *Rooks* v. *Tindall,* 138 *Ga.* 863 (76 S. E. 378). Likewise, in the instant case, the act of 1950, supra, and the various amendatory acts contain much that has no reference to the criticisms made in the various enumeracted paragraphs of the answer, and which, of course, is not unconstitutional for the reasons contained in the particular paragraph. It was therefore not error to sustain demurrers to each of these paragraphs of the answer. See also *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d 198) ; *Dade County* v. *State of Georgia,* 201 *Ga.* 241 (39 S. E. 2d 473).

In paragraphs 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, and 42 of the answer, it is contended that the Peace Officers' Annuity and Benefit Fund Act (Ga. L. 1950, p. 50 et seq.), and each of the acts amendatory thereto, are unconstitutional because they are in violation of art. III, sec. VII, par. VIII of the Constitution of Georgia, in that each of the acts contains more than one subject matter and contains matter different from what is expressed in the title thereof. It is not, however, stated in either of these paragraphs how or wherein the acts objected to violate the provision of the Constitution. The objection is therefore insufficient to raise any question as to the constitutionality of any act of the General Assembly. See *Dade County* v. *State of Georgia,* 201 *Ga.* 241, supra; *Abel* v. *State,* 190 *Ga.* 651, supra.

In paragraphs 46, 47, 48, 49, and 50 of the answer it is contended that, if there is any money due to be paid to the Peace Officers' Annuity and Benefit Fund, it is on open account, and that all amounts due more than four years prior to this suit are

barred by the statute of limitations. It is also contended that portions of the amounts alleged to be due are barred by laches. In so far as the statute of limitations is concerned, we fail to see how the present suit could conceivably be construed to be one on an open account. It is simply a suit to require public officials to perform a clear legal duty. It is a suit for enforcement of rights accruing to individuals under statutes or by operation of law, which is not barred until after 20 years after the rights have accrued. Code (Ann.) § 3-704. This Code section "is applicable to cases where the liability thus created is in favor of an individual, or a class to which he belongs, as distinguished from one arising under the general law in favor of the public at large." *Bigby* v. *Douglas*, 123 *Ga*. 635 (51 S. E. 606). See also *MacNeill* v. *Steele*, 186 *Ga*. 792 (199 S. E. 99); *Wilkinson* v. *Cheatham*, 43 *Ga*. 258; and *Nixon* v. *Nixon*, 196 *Ga*. 148 (26 S. E. 2d 711). Since all acts which this suit seeks to have performed were acts which it is alleged should have been done within 20 years, there is no merit in these contentions, and it was not error to sustain demurrers to these paragraphs on this ground.

With reference to the plea of laches, it is necessary to say only that the doctrine of laches is an equitable one, and that the instant case is a legal proceeding to which this doctrine does not apply. See *Wood* v. *City Board of Plumbing Examiners*, 192 *Ga*. 415 (15 S. E. 2d 486), and *Fletcher* v. *Gillespie*, 201 *Ga*. 377 (40 S. E. 2d 45). It was therefore not error to sustain the demurrers to these paragraphs on this ground.

■ In paragraph 59 of the answer, it is contended that the Peace Officers' Annuity and Benefit Fund Act (Ga. L. 1950, p. 50, et seq.), together with its amendatory acts, is too vague, uncertain, and indefinite to be capable of enforcement because "the membership of the Board of Commissioners of said Fund is not set out with sufficient definiteness to ascertain of whom such Board shall consist." If this is intended to be a constitutional attack on the act, it is clearly insufficient because no provision of the Constitution is alleged to have been violated. If it is intended to be some other kind of attack on the act, it is clearly without merit because it is not alleged that the members of the board as now constituted are not legally members thereof, or

that the present board is other than legally constituted. Therefore, this paragraph would not be a legal defense to the present action, and it was not error to sustain the demurrer to said paragraph.

In paragraph 60 of the answer, it is contended that there are no funds in the treasury of the City of Cornelia with which to pay the claim made by the plaintiffs, and that the City of Cornelia is not authorized to levy taxes for the purpose of paying this claim. These facts do not offer any defense to this action for mandamus. While lack of means may avail as a reason for not inflicting punishment for disobedience of the writ, it does not afford a conclusive reason for not granting it. *Savannah & Ogeechee Canal Co.* v. *Shuman,* 91 *Ga.* 400 (17 S. E. 937, 44 Am. St. Rep. 43).

The remaining grounds of the demurrer to the answer and the motion for new trial, not having been argued in this court, will be considered as abandoned.

From what has been said above, the judgments complained of in this case were not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*