### 25375. CLEAR VISION CATV SERVICES, INC. v. MAYOR OF JESUP et al.

UNDERCOFLER, Justice. Clear Vision CATV Services, Inc., filed a petition in the Superior Court of Wayne County against the mayor and members of the commission of the City of Jesup. The petition seeks a mandamus absolute requiring the defendants to issue to the plaintiff a franchise agreement for a community antenna television service and system under the charter of the city.

The petition and the exhibits attached thereto show that the defendants as the board of commissioners of the City of Jesup, "by motion decided that the lowest proposal as to costs to users be accepted for further negotiation and consideration." Public advertisement was published in the local newspapers as follows: "The City of Jesup will receive from all interested persons proposals on Cable T.V. for the City of Jesup." Pursuant thereto the plaintiff and the firm of Odum & O'Quinn submitted proposals. The significant differences in the proposals were as follows: The plaintiff proposed to provide 12 channels and include 2 Atlanta T.V. channels upon receiving authority from the Federal Communications Commission to micro wave them; to charge users $4.95 per month for the first connection and $1.00 per month for each additional connection; upon adding the 2 Atlanta T. V. channels the charge would increase to $5.95 plus $1.00 for each additional connection; to pay a franchise

fee to the city of 5% of gross revenues with $2,000 per year minimum guarantee. Odum & O'Quinn proposed to provide 12 channels which were specified and were from the major cities within approximately 150 miles of Jesup but not including Atlanta; to charge users $5.95 per month; to pay a franchise fee of 5% of the first $50,000 of gross revenues; 6% of the next $50,000; 7% of the next $50,000 and 8% of the gross revenues thereafter, plus $1.00 for each original "hook-up" for the first twelve months of operation. The petition alleges that the defendants by a split vote accepted Odum & O'Quinn's proposal; that the members so voting made statements such as; "I do not believe that we can get a good system for less than $5.95. Also I have known H. J. Westberry for a long time, we have seldom, if ever, agreed on any issue. I could not miss this opportunity to be on the same side with him." "[Odum & O'Quinn] are close enough to be considered local and would take civic pride in delivering service to the citizens of Jesup." "I have served with Farnell O'Quinn in the Boy Scout program and I know he will do a good job for us." Plaintiff contends that such statements show the action of the majority was capricious, arbitrary and a gross abuse of discretion.

The defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. After a hearing, the trial court dismissed the petition. The appeal is from that judgment. *Held:*

Mandamus is an extraordinary legal remedy. *Richmond County v. Steed,* 150 Ga. 229, 234 (103 SE 253). "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." *Code* § 64-101. "Mandamus shall not lie as a private remedy between individuals to enforce private rights, nor to a public officer who has an absolute discretion to act or not, unless there is a gross abuse of such discretion; but it shall not be confined to the enforcement of mere ministerial duties." *Code* § 64-102. Where it is sought to compel an official act which is discretionary the writ generally will not issue because there is no clear legal right. *City of Atlanta v. Wright,* 119 Ga. 207 (1) (45 SE 994).

In the instant case the plaintiff claims the defendants should issue to him a cable T. V. franchise for the City of Jesup whereas they have voted to negotiate such franchise with his competitor. He alleges that his proposed franchise provisions are more attractive and advantageous than those of his competitor. However, the plaintiff has no clear legal right to a cable T. V. franchise. Section 83 of the charter of the City of Jesup as amended in 1955 (Ga. L. 1955, pp. 2508, 2511) provides in part: "and said city shall have power and authority to grant, sell and convey franchises and renewals thereof, or franchises extensions within the city, when the mayor and council shall determine the necessity to demand same." Whether to issue such a franchise is discretionary with the defendants. In our opinion the petition affirmatively shows there was not a gross abuse of discretion by the defendants and their action will not be controlled by the courts.

What the plaintiff seeks here is to substitute the judgment of the court for the judgment of the city commission. This the court will not undertake. *City of Atlanta v. Wright,* 119 Ga. 207, supra.

The trial judge correctly dismissed the petition on motion of the defendants.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

SUBMITTED SEPTEMBER 8, 1969—DECIDED NOVEMBER 6, 1969—
REHEARING DENIED DECEMBER 4, 1969.

*Cowart, Sapp & Gale, Robert Asa Sapp, W. Glenn Thomas,* for appellant.

*William A. Zorn,* for appellees.

FELTON, Justice, dissenting. The petition alleges valid reasons why the discretion exercised was grossly abused because it was capricious, arbitrary and discriminating. This action was dismissed by the trial court for failure to state a claim upon which relief could be granted. I do not agree that such a judgment was correct. There is nothing in the petition which shows that the discretion of the city was *not* capricious, arbitrary and discriminatory. There is nothing in the petition which shows that the appellant is *not* entitled to a mandamus absolute as to the rights of appellant to a contract which does

not preclude it from submitting a proposal and requiring a contract which as to details is not significantly different from the proposals of the appellant. See *Code Ann.* § 81A-112 (b) (6) and dissenting opinion in *Hunter v. A-1 Bonding Service, Inc.,* 118 Ga. App. 498 (164 SE2d 246). "[A] motion to dismiss should not be granted unless the allegations in the complaint disclose with certainty that the plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claim." *Residential Development, Inc. v. Mann,* 225 Ga. 393, 397 (169 SE2d 305).

If the allegations of the petition are proved, the appellant is at least entitled to an opportunity to bid on even terms with its competitor and have the opportunity to negotiate in competition with its competitor. Under the facts pleaded, the commissioners have precluded appellant from even negotiating by deceiving it into making a low bid for the amount to be charged customers. I know of no law or reason why the city could not negotiate with two separate bidders at the same time without excluding one by deception.