25676, 25677. ALIOTTA et al., Aldermen v.
GILREATH, Mayor, et al.; and vice versa.

ARGUED MARCH 9, 1970—DECIDED APRIL 9, 1970.

Aaron Kravitch, Lionel E. Drew, Jr., for appellants.

Smith, Cook & Portman, Barnard M. Portman, W. Lance Smith, for appellees.

MOBLEY, Presiding Justice. The mayor and two of the aldermen of the Town of Thunderbolt brought an action for declaratory judgment and other relief against three other aldermen. The controversy arose because of the death of one of the six aldermen of the town, and the failure of a majority of the mayor and remaining aldermen to agree on the filling of the vacancy, and their dispute concerning the attempted dismissal of the chief of police.

The defendants filed an appeal from the judgment which

declared the rights of parties, enjoined the defendants from passing any ordinance unless concurred in by the vote of four aldermen, or the mayor and three aldermen, and ordered certain action by the parties in the nature of a mandamus absolute. The plaintiffs filed a cross appeal, enumerating as error the refusal of the judge to order a special election by the voters of the Town of Thunderbolt to fill the vacant office of alderman.

■ The defendants assert that the action does not comply with Ga. L. 1945, pp. 137, 138 (*Code Ann.* § 110-1106), which requires that: "In any proceeding involving the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard as a party." The purpose of this statute is to allow a municipality to be heard where private parties question the validity of a municipal ordinance, and it does not apply to a situation where the members of the governing body of a municipality are in dispute as to the proper method of passing a valid ordinance under the city charter, and all of the members of the governing body of the municipality are parties.

The parties appear to be in hopeless conflict as to the meaning of the charter provisions of the Town of Thunderbolt, and as to the actions which they may legally take under the charter, and the case was a proper one for declaratory judgment.

■ The trial judge in his order declared that no lawful ordinance can be enacted by the Mayor and Aldermen of the Town of Thunderbolt unless it is voted for by at least four aldermen, or, in the event of a tie, by three aldermen and the mayor, and the attempt of the defendants to enact an ordinance which makes three members a quorum is void and of no effect.

Section 3 of the Act of 1921 (Ga. L. 1921, pp. 1122, 1125), as amended by Ga. L. 1966, p. 2883, provides that "the municipal government of the Town of Thunderbolt shall be vested in a mayor and six aldermen. . ." Section 5 (Ga. L. 1921, p. 1126) provides that in case of a vacancy in the office of the mayor, aldermen, or clerk of council, "his successor shall be elected by a majority vote of the remaining Mayor and Aldermen." Section 14 (Ga. L. 1921, pp. 1130-1131) provides that the mayor "shall have the right to vote in elections for officers,

. . . and upon all other questions before said body where there is a tie vote, . . ."

There is no specific provision of the charter of the town fixing the number of votes required to pass a valid ordinance. The trial judge applied the rule of statutory construction in *Code* § 102-102 (5), as follows: "A joint authority given to any number of persons, or officers, may be executed by a majority of them, unless it is otherwise declared." He held that it required a majority of those to whom the power to govern was given to pass a lawful ordinance, which would be four aldermen, or in the event of a tie, three aldermen and the mayor. The trial court was correct in this ruling. *Stevenson v. State*, 69 Ga. 68, 73; *Roby v. State*, 74 Ga. 812 (2); *City of Blakely v. Singletary*, 138 Ga. 632 (2) (75 SE 1054).

The judge also correctly ruled invalid the attempt of the defendant aldermen to enact an ordinance which makes three aldermen sufficient to conduct a meeting, and to allow one of the aldermen to act as chairman, and assert the powers of mayor. It was not error to enjoin the defendants from passing, or attempting to pass and put into effect, any ordinance unless it is concurred in by the vote of four aldermen, or three aldermen and the mayor, in the event of a tie.

■ The trial judge declared that since Section 14 of the city charter grants to the mayor the right to vote in elections for officers, the mayor has a right to vote on the dismissal of an officer, and that the attempt by the three defendant aldermen to discharge the chief of police was void and of no effect.

The charter of the town in numerous instances empowers the "mayor and aldermen" to exercise named power. Section 18 (Ga. L. 1921, p. 1132) gives the mayor and aldermen authority to elect and remove officers. The only two sections dealing with the mayor's right to *vote* are Section 5, giving him the right to vote in case of vacancies in office, and Section 14, giving him the right to vote in elections of officers, and upon questions where there is a tie vote of the aldermen.

The specific limitation in Section 14 on the mayor's right to vote must prevail over the general language in other sections of the charter giving the mayor and aldermen joint duties and

powers concerning officers, but not mentioning the right to *vote* on these matters. *Mayor &c. of Savannah v. Savannah Electric &c. Co.,* 205 Ga. 429, 437 (54 SE2d 260); *Jenkins v. Jones* 209 Ga. 758, 761 (75 SE2d 815).

Under Section 14, the mayor can vote on the question of dismissal of an officer only where the vote of the aldermen is tied. The trial judge therefore erred in declaring that the mayor has an unqualified right to vote on the dismissal of an officer. The judge correctly held that an officer could not be removed by the vote of three aldermen, since this would not constitute a quorum.

■ The trial judge properly held that the vacancy created by the death of Alderman Byrd should be filled in accordance with Section 5 (Ga. L. 1921, p. 1126), by a majority vote of the mayor and remaining aldermen.

It was not error to deny the plaintiffs an order in the nature of a mandamus, requiring that a special election by the voters of the town be called to fill the vacancy. The city charter does not authorize such a special election. The court could not order the town officials to perform an act which was not authorized by the city charter. *Comer v. Epps,* 149 Ga. 57 (1) (99 SE 120); *Smith v. Branch,* 215 Ga. 744 (2) (113 SE2d 445); *Aspinwall v. Harris,* 217 Ga. 485 (123 SE2d 652).

The rulings made in this division are based on the charter of the Town of Thunderbolt prior to the enactment of an Act at the 1970 session of the General Assembly, which authorizes a special election by the voters of the town, in certain instances, to fill a vacancy in the office of alderman. This Act will not become effective unless voted on favorably in a referendum.

The direction to the mayor and aldermen, in the nature of a mandamus absolute, to hold a special meeting in February, 1970, to elect an alderman, need not be ruled on, since the date for this meeting has passed.

*Judgment affirmed in part and reversed in part on the main appeal; affirmed on the cross appeal. All the Justices concur.*