Argued October 13, 1970—Decided November 5, 1970—
Rehearing denied November 18, 1970.

*Jesse DuBose*, for appellant.
*Carlton S. Brown*, for appellee.

26096. ADDIS v. SMITH.
26097. ADDIS v. CARRIAGE COLONY, INC.
26098. ADDIS v. CATO.
26099. ADDIS v. GRIZZARD.

895

*Archer, Patrick, Sidener & Thomason, James H. Archer, Jr.,* for appellant.

*Long & Siefferman, Calhoun A. Long, Floyd E. Siefferman, Jr.,* for appellees.

Nichols, Justice. ■ "With reference to the plea of laches, it is necessary to say only that the doctrine of laches is an equitable one, and that the instant case is a legal proceeding to which this doctrine does not apply. See *Wood v. City Board of Plumbing Examiners,* 192 Ga. 415 (15 SE2d 485), and *Fletcher v. Gillespie,* 201 Ga. 377 (40 SE2d 45)." *Crow v. McCallum,* 215 Ga. 292, 297 (113 SE2d 203).

■ As to the pleas of res judicata and estoppel by judgment the defendant's pleadings show prior litigation between the parties but the record is devoid of any evidence of a final judgment adverse to the plaintiff in such prior litigation. Thus, these defenses were properly overruled. Nor was there any evidence introduced on the trial of this case to support the defense that the plaintiffs were bound by admissions in judicio which would require a final adjudication adverse to them.

■ Under the decision in *Aliotta v. Gilreath,* 226 Ga. 263

(174 SE2d 403), the contention that since the city is not a party to the present litigation the action should be dismissed under Ga. L. 1945, pp. 137, 138 (*Code Ann.* § 110-1106) is not cause for reversal where the case is not a declaratory judgment action between private parties but is one seeking to mandamus an official of a municipality to act.

■ The remaining issues are applicable to each appeal and deal with the validity of the zoning ordinance of the City of East Point adopted on May 2, 1960.

It was stipulated that the official notification in the newspaper concerning the public hearing of the proposed zoning ordinance appeared eleven days before the hearing and that numerous changes were made without public hearing before its final adoption. The court hearing the case without the intervention of a jury examined the official records of the City of East Point and found as a fact that the ordinance was not spread upon the minutes of the East Point City Council either at the time it was introduced or adopted, and "In the adopting ordinance the regulation was not enacted by reference in that the same was not properly identified, it was not made a public record, the document was not accessible to members of the public and the ordinance did not give notice of its accessibility."

Under the decisions in *Friedman v. Goodman,* 219 Ga. 152, 159 (132 SE2d 60); *Hulsey v. Smith,* 224 Ga. 783 (164 SE2d 782); *City Council of Augusta v. Irvin,* 109 Ga. App. 598 (137 SE2d 82), the trial court properly held the ordinance void and granted mandamus absolute.

*Judgment affirmed. All the Justices concur.*