49056, 49057. STEPP v. LANCE et al.; and vice versa.

DEEN, Judge.

1. "When a public trust or duty is to be executed by a definite number of persons, such public trust or duty may be executed by a majority of that definite number." *Beall v. State,* 9 Ga. 367, 369. This rule has been included in all the Georgia codes, and is stated in Code § 102-102 (5) as follows: "A joint authority given to any number of

persons, or officers, may be executed by a majority of them, unless it is otherwise declared." It follows that Ga. L. 1969, p. 2641 et seq. amending a prior Act creating the office of Commissioner of Roads and Revenues of Fannin County so as to provide for the creation of a board of commissioners composed of a chairman and two other members, which sets out their jurisdiction and duties, and which fails to state in terms in what a quorum must consist, must be construed to mean that a majority of the three persons voting shall be sufficient to pass or defeat a proposed resolution. Cf. *Aliotta v. Gilreath,* 226 Ga. 263 (174 SE2d 403).

2. The Act of 1969, supra, Sec. 6, provides that the chairman of the board of commissioners shall be the chief administrative officer of the county, shall devote his full time to the duties of his office, and shall receive a stated salary. The other two commissioners have no such restriction on employment and receive a lesser remuneration. Under Sec. 8 one of the duties of the chairman is to approve and sign an order for payment of funds by the county treasurer.

3. "It has often been said in effect by various courts of the country that the basic distinction between administrative and judicial acts is that in the former case the law has prescribed and defined the duty to be performed with such precision and certainty as to leave no room for the exercise of judgment or discretion; whereas in the latter case the act to be done does involve the exercise of judgment or discretion." *South View Cemetery Assn. v. Hailey,* 199 Ga. 478, 480 (34 SE2d 863). The contention of the plaintiff appellant Stepp, chairman of the Fannin County board of county commissioners, that he is vested with sole authority to approve or disapprove expenditures, and to hire or fire office personnel, is completely untenable. As an administrative officer, his duties are to carry out the duties and responsibilities centered in the board by statute, within which framework the specific things to be done must appear by resolution concurred in by a majority of the three commissioners. The chairman as an administrative officer has no power of veto not given him by statute, and none appears within the Act. It follows that a resolution

properly presented to the commissioners as a whole and voted into being by two of them, the chairman voting against, is a resolution properly passed by a majority of the board.

4. The cross bill of exceptions complains that the judgment of the court in this case finding that a certain resolution, although subject to passage by a majority of the board at a properly called meeting, was void because the meeting was not called in a manner and at a place required by statute. Since it appears that subsequent to this appeal the subject matter has again been presented to the board at a meeting properly called, this issue is moot.

*Judgment affirmed in Case No. 49056. Case No. 49057 dismissed. Hall, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 11, 1974 — DECIDED FEBRUARY 19, 1974 — REHEARING DENIED MARCH 7, 1974.

*McCurdy, Candler & Harris, George H. Carley, Jerry L. Stepp, Robert K. Ballew,* for appellant.

*Telford, Stewart & Stephens, Charles W. Stephens,* for appellees.

