## S95A0800. STUCKEY v. STORMS.
(458 SE2d 344)

CARLEY, Justice.

After a special mayoral election in the City of Pine Lake, Stuckey was declared the winner by two votes and was sworn in as mayor. As the only other candidate, Storms filed a timely petition to contest the result of the election. The trial court declared the election invalid and ordered the City Council either to schedule a new election or, pursuant to the City Charter, to appoint a mayor pro tem. It is from this order that Stuckey appeals.

1. Stuckey contends that the trial court erred in ruling that Storms did not intentionally waive the expedited procedure provided in OCGA §§ 21-3-424 (f) and 21-3-423 (c). However, these statutes specifically cast upon the clerk of the superior court the obligation of issuing notice in the form of special process and the obligation of immediately referring the case to the administrative judge. "A litigant seeking relief in the courts must not be denied such relief because an agency of the court fails to properly perform its duty." *Redding v. Balkcom,* 246 Ga. 595, 596 (1) (272 SE2d 324) (1980). Therefore, the trial court correctly held that Storms did not waive the expedited procedure.

Stuckey further urges that the trial court erred in ruling that Storms was not guilty of laches due to her inaction after filing her petition. The doctrine of laches is a purely equitable defense and is not applicable to a complaint for the enforcement of a legal right. *Jones v. Tri-State Elec. Coop.,* 212 Ga. 577, 582 (3) (94 SE2d 497) (1956). An election contest is not equitable in nature. *Mayor &c. of Wadley v. Hall,* 261 Ga. 681, 682 (2) (410 SE2d 105) (1991). Moreover, laches is not a remedy for delay during litigation, but is an affirmative defense asserting an inequitable delay in instituting a pro-

---

[12] See *McIntyre v. Miller,* 263 Ga. 578 (436 SE2d 2) (1993).

ceeding. OCGA §§ 9-3-3; 9-11-8 (c). Therefore, the defense of laches is inapplicable to this case.

2. Over Stuckey's objection, the trial court allowed testimony that the form of the ballot was confusing. Stuckey urges that this issue had not been properly raised in the pleadings.

At the hearing, Storms initially contended that this issue *had* been raised by her original pleading. Pretermitting this contention, however, the trial court conformed the pleadings to the evidence pursuant to OCGA § 9-11-15 (b), although Storms had not yet made a motion to amend. See *Unicover, Inc. v. East India Trading Co.*, 154 Ga. App. 161, 163 (3) (267 SE2d 786) (1980). It is apparent that Stuckey failed to satisfy the trial court that he was surprised by and unprepared to defend Storms' claim that the form of the ballot was confusing. See *Atlanta Fire Systems v. Alexander Underwriters General Agency*, 185 Ga. App. 873, 874 (1) (366 SE2d 197) (1988). Furthermore, Stuckey did not move for a continuance, as provided in OCGA § 9-11-15 (b). See *Darnell v. Betty's Creek Baptist Church*, 230 Ga. 461, 470-471 (197 SE2d 714) (1973); *Abernethy v. Cates*, 182 Ga. App. 456, 460 (8) (356 SE2d 62) (1987). The trial court did not abuse its discretion in conforming the pleadings to the evidence.

3. After the election, three ballots were found in the stub box and were not counted. The trial court concluded that the form of the ballot was patently misleading and caused these three ballots to be spoiled. This ruling is enumerated as error.

"The form of a ballot is spelled out in the [Georgia Municipal Election] Code and clearly requires consecutively numbered, detachable stubs which say 'Tear off before depositing *ballot* in ballot box.' [OCGA § 21-3-188 (a)]." (Emphasis supplied.) *Nobles v. Osborne*, 124 Ga. App. 454, 455 (184 SE2d 207) (1971). The ballot itself should contain the words "OFFICIAL BALLOT" in prominent type, and instructions for marking the ballot. OCGA § 21-3-187 (a), (b).

In the instant case, the number strip was of equal size to the remainder of the ballot. The number strip was the only part of the ballot that was labeled "Official Ballot" and that contained instructions for marking the ballot. The number strip also contained only the following instruction: "Tear off before depositing in ballot box." Therefore, the ballot did not substantially comply with the Municipal Election Code. The violations of the Code could have caused the ballot to mislead voters to deposit the number strip into the ballot box and the remainder of the ballot into the stub box.

The counting of a ballot which is found in the stub box rather than the ballot box is generally

improper if it was placed in the stub box by the elector, for in that event the elector was responsible for the failure to

complete the voting process in a manner contemplated by law. But if the ballot was deposited in the stub box by a poll worker through error or inadvertence the situation [is] otherwise. . . . In the absence of any evidence as to how it may have occurred, however, it is to be presumed that the elector did it and thus it should have been disregarded or thrown out.

*Broome v. Martin,* 111 Ga. App. 51, 57 (140 SE2d 500) (1965). This presumption does not apply in this case because there is evidence as to how the deposit of the ballots in the stub box may have occurred. That evidence shows that voter confusion was caused by the misleading form of the ballot and compounded by a lack of assistance at the polling place.

Storms need not establish that the rejected ballots would have been in her favor. She "need only establish that sufficient legal votes were rejected to change *or place in doubt* the result. OCGA § 21-3-422. [Cit.]" (Emphasis supplied.) *Whittington v. Mathis,* 253 Ga. 653, 655 (2) (324 SE2d 727) (1985). Storms showed considerably more than mere speculation of the cause of the spoilage of two ballots which were detached from their number strips and placed in the stub box. Storms presented evidence that the fault therefor is attributable, not to the electors, but to election officials. Accordingly, the trial court did not err in invalidating the election based upon these two ballots. Because the spoilage of these two ballots was enough to change or place in doubt the result of the election, we need not consider the third ballot, from which the number strip was never detached. But see *Nobles v. Osborne,* supra at 457.

4. Stuckey also contends that the trial court made erroneous findings of fact, failed to allow him to present evidence, and improperly acted as a court of equity. These enumerations of error have been considered and are found to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 1995.

*William R. Ritchie,* for appellant.
*Allyson H. Baum,* for appellee.