## S06G0575. VATACS GROUP, INC. et al. v. HOMESIDE LENDING, INC.
### (635 SE2d 758)

MELTON, Justice.

In this declaratory judgment action regarding the priority of certain mortgages over others, we granted certiorari to answer the following limited question: Whether the Court of Appeals erred in holding that " 'laches is an equitable doctrine not applicable in a petition for declaratory judgment, which is an action at law.' " *VATACS Group v. HomeSide Lending*, 276 Ga. App. 386, 393 (3) (623 SE2d 534) (2005). We find that the Court of Appeals did not err in its holding and affirm.

It is a longstanding and well-established rule that the doctrine of laches is an equitable defense which is not applicable to actions at law, which include declaratory judgment actions. See, e.g., *Stuckey v. Storms*, 265 Ga. 491 (1) (458 SE2d 344) (1995); *Jones v. Douglas County*, 262 Ga. 317 (1) (a) (418 SE2d 19) (1992). This continues to be a valid statement of the law.

Contrary to appellants' contention otherwise, *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745 (524 SE2d 464) (1999), did not abrogate this fundamental rule. To the contrary, the sole issue in *Redfearn* was whether this Court had equity jurisdiction over a matter in which the plaintiffs sought equitable injunctive relief and the defendants asserted laches as a defense. Holding that the matter was not within this Court's equity jurisdiction, we found that the resolution of the equitable claim was secondary to the primary legal issue of whether

the trial court properly construed a contract between the parties. We further pointed out that the defendants' mere assertion of laches did not automatically convert the action into one falling under our equity jurisdiction because the equitable issues remained ancillary to legal ones. In reaching this conclusion, we recognized that a great deal of uncertainty surrounded the area of this Court's equity jurisdiction, and we even noted that some scholars had opined that "law courts [have] continuously taken over equity's substantive ideas," Dobbs, *Handbook on the Law of Remedies*, § 2.6, p. 74 (1973), including laches, thereby exacerbating the difficulty of determining which cases are subject to this Court's equity jurisdiction. *Redfearn*, supra at 749 (4), n. 22. We did not, however, overrule the sound principle of law that the equitable doctrine of laches is not applicable to an action at law such as this declaratory judgment matter. *Jones*, supra. To the extent that *Gerschick v. Pounds*, 262 Ga. App. 554, 558 (3), n. 23 (586 SE2d 22) (2003) and *Ajayi v. Williams*, 248 Ga. App. 325, 329 (1) (d), n. 4 (546 SE2d 537) (2001), hold otherwise, they are hereby overruled.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*Cauthorn & Nohr, Thomas E. Cauthorn III, Melissa M. Nohr, Justin B. O'Dell*, for appellants.

*Beloin & Associates, Charles W. Brown, Morris, Manning & Martin, Lewis E. Hassett*, for appellee.