[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14192

Non-Argument Calendar

_____

WELLS FARGO BANK N.A.,

As Trustee for $3,160,000 The Med Clinic Bd,

City of Mgm-1976 E 1st Mortg Rev Bonds

(Oaks Partners 2 LLC Proj), Series 2010A

and $590,000 The Med Clinic Bd,

City of Mgm-1976 E 1st Mortg Rev Bonds

(Oaks Partners 2 LLC Proj), Taxable Series 2010B,

                                        Plaintiff-Appellee,

*versus*

CHRISTOPHER F. BROGDON,

CONNIE B. BROGDON,

BROGDON FAMILY LLC,

2                    Opinion of the Court                    21-14192

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00231-MHT-SMD

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

The Brogdons seek to invoke the defense of laches.  But laches is an equitable defense, and under Georgia law, parties may not deploy equitable defenses against legal claims like this one.  We affirm.

## I.

Although this dispute has a long history, only a few facts are relevant to this appeal.  In 2013, Wells Fargo Bank (as trustee for several bonds) first sued Christopher F. Brogdon, Connie B. Brogdon, and the Brogdon Family LLC.  *See Wells Fargo Bank, N.A. v. The Medical Clinic Bd. of the City of Montgomery – 1976 E.*, No. 2:13-cv-00003 (M.D. Ala. dismissed Aug. 1, 2017).  Wells Fargo sought to enforce a guaranty agreement that the Brogdons had signed related to a bond indenture agreement.

While this case was ongoing, the SEC sued the Brogdons for securities fraud in New Jersey. *See SEC v. Christopher Freeman Brogdon*, No. 2:15-cv-08173 (D.N.J. filed Nov. 20, 2015). In connection with this suit, the New Jersey district court appointed a monitor to help preserve the Brogdons' assets and use them to repay investors. It also stayed actions by the Brogdons' creditors—which included Wells Fargo. As a result, the Alabama district court stayed Wells Fargo's 2013 suit, which was later dismissed without prejudice. Eventually, the New Jersey litigation ended for the Brogdons, and they were ordered to disgorge almost $37 million plus interest.

Just a few months later in April 2020, Wells Fargo sued the Brogdons again. And once again, it sought to enforce the guaranty agreement. The Brogdons had signed an amended guaranty agreement in 2017 "to avoid any question" that they remained liable for the relevant debt. When Wells Fargo moved for summary judgment, the Brogdons countered that it had waited too long—both to bring this suit and to respond to certain communications with the monitor in the New Jersey case. These delays, they argued, drove up their costs and justified a defense of laches.

The district court rejected this theory. It stated that under Georgia law, laches is available only in suits in equity, not for actions at law like the one here. And even if laches were available, it found that the Brogdons had not shown harm from the alleged delays. They now appeal.

## II.

This Court reviews a grant of summary judgment de novo. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011).

## III.

Georgia recognizes the common law defense of laches, also known as prejudicial delay. *Collier v. State*, 307 Ga. 363, 374 (2019). In fact, it has codified the defense: "courts of equity may interpose an equitable bar whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." O.C.G.A. § 9-3-3.

For our purposes, the key word there is "equitable"—laches is an "*equitable* doctrine not applicable" to actions at law. *Jones v. Douglas Cnty.*, 262 Ga. 317, 320 (1992) (quotation omitted). The rule that laches "cannot be applied to actions at law" is a "well established notion" in Georgia law. *Marsh v. Clarke Cnty. Sch. Dist.*, 292 Ga. 28, 29 (2012); *see also Hasty v. Castleberry*, 293 Ga. 727, 729 (2013); *Stuckey v. Storms*, 265 Ga. 491, 491 (1995). Although a limited exception exists for mandamus actions (which are "quasi-equitable" in nature), this exception is irrelevant here. *Marsh*, 292 Ga. at 30.

Laches is unavailable to the Brogdons because this is an action at law, not in equity. Wells Fargo seeks only money damages under a guaranty agreement and attorneys' fees, which makes this an action at law. *See Kenerly v. Bryant*, 227 Ga. App.

746, 748 (1997).  Nowhere have the Brogdons contested this characterization.

Instead, they offer a single case—*Redfearn v. Huntcliff Homes Association, Inc.*—against the "well established" Georgia law reserving laches to equitable actions.  271 Ga. 745 (1999).  But the Supreme Court of Georgia has already rejected this identical maneuver: "Contrary to appellants' contention otherwise, *Redfearn v. Huntcliff Homes Assn.* did not abrogate this fundamental rule."  *VATACS Grp., Inc. v. HomeSide Lending, Inc.*, 281 Ga. 50, 50 (2006) (citation omitted).  Instead, the "sole issue" in *Redfearn* was whether the court had equity jurisdiction, and the decision "did not, however, overrule the sound principle of law that the equitable doctrine of laches is not applicable to an action at law." *Id.* at 51.

In short, because this is an action at law, the equitable defense of laches has "no application here."  *Hasty*, 293 Ga. at 729.  For that reason, we need not address the Brogdons' argument that a jury must hear issues of material fact related to the defense of laches.

\* \* \*

We **AFFIRM** the district court's grant of summary judgment to Wells Fargo.